LEWIS W. BRADSHAW, Appellant, *v.* GENERAL ELEC-
TRIC COMPANY, a New York Corporation, and
GRAYBAR ELECTRIC COMPANY, a New York
Corporation, Respondents.

No. 7513

February 26, 1975                    531 P.2d 1358

*Morse, Foley & Wadsworth,* of Las Vegas, for Appellant.

*Rose, Norwood & Edwards,* and *Neils L. Pearson,* of Las
Vegas, for Respondent General Electric Company.

*Beckley, Singleton, DeLanoy & Jemison,* and *Richard W.
Myers,* of Las Vegas, for Respondent Graybar Electric Com-
pany.

# OPINION

By the Court, ZENOFF, J.:

Defendant-respondent General Electric Company designed, manufactured and sold through Graybar Electric Company certain automatic oil circuit reclosers to the Alamo Power District. This action involves malfunction of the recloser installed on the crossarm of a power pole at Hiko Junction. An automatic oil circuit recloser is designed to de-energize the power line in the event of a short or fault on the line. It can also be operated manually. A handle may be pulled to a near vertical position to open the recloser and de-energize the line.

The appellant, Lewis W. Bradshaw, was the sole lineman for the Alamo Power District. On March 18, 1965, with his assistant, he went to the Whipple Ranch to check out a power failure. There he determined that a fuse had blown necessitating his return with the assistant to Hiko Junction in order to clear the line of energy so that he could replace the fuse. He ascended a power pole there for the purpose of disconnecting the power so that they could return to the scene of the blown fuse and safely replace it. While he was up the pole and using a hot stick, which is a safety instrument for workmen who work on power lines, he reached up and pulled down the manual operating handles on the automatic oil circuit reclosers. He repeated the process at the direction of the assistant.

The two men returned to the Whipple Ranch and when Bradshaw climbed the transformer pole to replace the fuse he reached out with the back of his left hand to test whether the line was de-energized. The method was one customarily used for the purpose but in this instance the line had not de-energized and Bradshaw was electrocuted, though not fatally. He suffered substantial injuries to his left hand and wrist and his right foot.

Apparently, when Bradshaw pulled the lever to de-energize the line the lid clamp closer was obstructed by the switch mechanism but not noticeably so. The safety mechanism did not free the line of electrical energy. The testimony was conflicting as to whether the condition of the manual mechanism was a defect of manufacture or instead was assembled at the Alamo area incorrectly when it was attached to the power pole years before the accident. The evidence as to this, and Bradshaw's prior knowledge of the faulty condition, were conflicting.

This action was originally based on three counts of strict liability, negligence and breach of implied warranty, but upon final submission to the jury Bradshaw dismissed the counts of negligence and implied warranty and relied solely on strict liability in tort for recovery. The jury found for the respondents.

Only two assignments of error will be considered. The others are either unsupported by citations of authority (General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972)) or no objections were registered to the giving of certain instructions as required by NRCP 51. We perceive no error.

1. Bradshaw's principal contention is that the trial court erred in its denial of the motion for judgment notwithstanding the verdict. He claims that every element to prove a cause of action in strict liability was established without dispute. The record indicates otherwise. The testimony was substantially in conflict as to whether the product was defective or was used in its intended manner. Also, to be resolved by the jury were certain intervening factors that involved the presence of assumed risk. Such are ingredients of strict liability and they were all in dispute. General Electric Co. v. Bush, supra; Worrell v. Barnes, 87 Nev. 204, 484 P.2d 573 (1971). With all these conflicts the jury's function had to be served.

2. Relative to the second assignment of error Bradshaw referred to portions of the deposition of Dr. Dino Morelli who was an expert in reclosers. Respondent General Electric thereupon offered other portions of the deposition (NRCP 32(a)(4)) wherein the claimed error was a statement by Dr. Morelli that, "Some jackass put it together wrong, that's all."

We perceive no error. Dr. Morelli's analysis of the recloser prompted the opinion which he was qualified to give.

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.