PHIL CUMMINGS, Administrator of the Estate of
RICHARD DOYLE TINKLE, Deceased, Appellant,
v. BERT GORMAN TINKLE, Respondent.

No. 7461

September 8, 1975 539 P.2d 1213

*Robert K. Dorsey,* Las Vegas, for Appellant.

*Peter L. Flangas,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In December 1962, Richard Doyle Tinkle married Bert Gorman Tinkle. They resided in a Las Vegas trailer park owned by their friends, Mr. and Mrs. L. D. Guilford of Wyoming. Early in 1963, the Guilfords asked the Tinkles to take over the complete care and management of the park until the property could be sold. It was agreed that, upon sale of the trailer park, the Guilfords would deed to the Tinkles a separate, 2-acre parcel of real estate located in Clark County, in consideration for their services. Accordingly, the Tinkles managed the trailer park until it was sold. The Guilfords then deeded away the 2-acre parcel, but named only Richard Doyle Tinkle as grantee. Richard died; Bert thereafter learned of the discrepancy in the deed. She filed a creditor's claim in Richard's estate, which was rejected. Bert then sued in equity, the trial court finding an implied trust in her favor.

1.  The trial court specifically found that, from March 1963 to October 1967, a period of some 4½ years, Bert was responsible for all but a *de minimis* amount of work in the management and operation of the trailer park. (She collected the rent, kept the books, cleaned the park, mowed the lawns, read the utility meters, and showed the property to prospective purchasers.) Further, the court found, the Guilfords were aware of her work, and it was their intention to benefit her by the conveyance. Richard worked during this period as a casino dealer. The administrator of Richard's estate, the appellant, claimed that, since Richard and Bert were divorced in 1966,[1] she is entitled to nothing and that the trial court erred in finding a legal or implied trust.

The issue presented is not complex. Bert seeks to establish

---

[1] A divorce was obtained. However, the parties never interrupted their marriage or ceased living together as man and wife. Richard, the day of the divorce, tore up the decree and told Bert it meant nothing. They continued to live together until Richard's demise.

an interest in property which is the subject of a deed in Richard's name. The trial court held that the consideration for the deed was provided by services rendered principally by Bert. The appellant would deny Bert's interest via a highly stultified discussion of resulting and constructive trusts. We have no difficulty in finding a remedy.

Constructive and resulting trusts are similar in that their basic objectives are the recognition and protection of property rights that have arisen in an innocent party. The vital tenet is one of equity. Where the consideration for the property is provided by one party, but title is taken by another, and the circumstances negate the possibility of the consideration being a gift, equity will intervene to protect the rights of the first party. Cf. Werner v. Mormon, 85 Nev. 662, 462 P.2d 42 (1969); Schmidt v. Merriweather, 82 Nev. 372, 418 P.2d 991 (1966). This court stated in White v. Sheldon, 4 Nev. 280, 287–288 (1868):

". . . [I]t is argued that the services performed by White did not raise an implied trust in his favor. Counsel attempt to make a distinction between the payment of money in cases of this kind and the rendering of services, but we apprehend the distinction is one not recognized in the books nor maintainable on principle. Equity looks to the consideration, and creates a trust in favor of him who furnishes it, regardless of whether such consideration be money or labor, or property given in exchange. Implied trusts are based upon the broad principle that he who furnishes the consideration is entitled to the property, and equity does not permit any unsubstantial distinctions to defeat the operation of its liberal and rational rules. . . ."

Thus, the determinative issue in the case at hand is whether consideration was furnished in whole or in part by Bert, it being understood that Bert's service was not a gift. The court below concluded, and we agree, that the answer is in the affirmative and that when the land was deeded erroneously to Richard as sole grantee, he took title to the land in trust for Bert, a resulting trust based on the presumed intention of the parties.

2. Appellant's contention that the statute of limitations had run is without merit. Davidson v. Streeter, 68 Nev. 427, 234 P.2d 793 (1951). The administrator of the estate, rather than the decedent, repudiated the trust, and the respondent duly instituted this action after such repudiation.

3. Finally, appellant urges error in that the trial court awarded the total 2 acres as being within the trus *res,* rather than one-half as urged at trial. Appellant fails to cite any authority for this claimed error, and as such we need not consider it. Bradshaw v. General Electric Co., 91 Nev. 124, 531 P.2d 1358 (1975); General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972). As we view the record, the parties contemplated that the land in question would be community property, which it would have been but for the divorce. In such circumstances, it would have been vested totally in Bert upon Richard's death. The resulting trust, as imposed by the district court, will achieve that purpose.

Finding no error, we affirm the judgment.