AIR SERVICE COMPANY, a NEVADA CORPORATION, AND DONALD KENNY, APPELLANTS, v. CORNELIUS T. SHEEHAN, RESPONDENT.

No. 10640

August 16, 1979                                    594 P.2d 1155

*Petersen & Petersen,* Reno, for Appellants.

*Wm. Patterson Cashill,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent and cross-appellant Cornelius Sheehan initiated this action, seeking damages for breach of contract of employment. Defendants Air Service Company and its president, Donald Kenny, denied the existence of an enforceable contract and counterclaimed for damages resulting from an alleged breach of a duty of loyalty by Sheehan. Following a jury verdict for the plaintiff Sheehan, and against the defendants on their counterclaim, defendants moved for a judgment n.o.v., or, in the alternative, for a new trial. The defendants have appealed the denial of this motion by the court below.[1] Sheehan has filed a cross-appeal from the court's denial of his motion for attorney's fees.

---

[1]Appellants have characterized this appeal as taken from the jury's verdict. The notice of appeal, however, reveals that appeal was taken only from the denial of this motion. NRAP 3(c). *See, e.g.,* Charmicor, Inc. v. Bradshaw Finance Co., 92 Nev. 310, 550 P.2d 413 (1976).

1.   Appellants claim that the trial court erred when it denied their motion for judgment n.o.v. or a new trial. We disagree.

In reviewing a judgment n.o.v., the standard is the same as for review of a motion for a directed verdict; we must view the evidence in the light most favorable to the party against whom the motion was made. *Twardowski v. Westward Ho Motels*, 86 Nev. 784, 476 P.2d 946 (1970); *Kerr v. Mills*, 87 Nev. 153, 483 P.2d 902 (1971). Neither the credibility of witnesses nor the weight of the evidence may be considered. The question is "whether the evidence is such that reasonable men would have necessarily reached a different conclusion." *Drummond v. Mid-West Growers*, 91 Nev. 698, 704, 542 P.2d 198 (1975). A motion for judgment n.o.v. is properly refused when there is evidence in the record which tends to support the verdict, or when there is a substantial conflict in the evidence which was resolved by the trier of fact. *Bradshaw v. General Electric Co.*, 91 Nev. 124, 531 P.2d 1358 (1975); *Shaw v. Beehive State Agric. Co-op*, 92 Nev. 611, 555 P.2d 958 (1976).

When viewed in the light most favorable to respondent, there is evidence in the record to support the conclusion that Sheehan and the defendants had reached a complete oral agreement, by which the parties intended to be bound, upon the terms of Sheehan's employment, which included a stock purchase agreement, as evidenced by a written document drafted by Kenny's representative and sent by Kenny to Sheehan. There is also evidence to support the conclusion that, as contemplated by the parties, Sheehan, relying upon the contract and also upon a promise that the document would be signed, left his job in San Francisco, moved to Reno and undertook performance of the contract, including delivery of a lucrative distributorship to defendants, only to have defendants refuse to sign the document they had prepared and refuse to perform that part of the contract which provided for Sheehan's gradual purchase of 49% of the company. There is, in short, substantial evidence in the record to support Sheehan's claim that there was a contract, enforcement of which is not precluded by the statute of frauds. *Harmon v. Tanner Motor Tours*, 79 Nev. 4, 377 P.2d 622 (1963). *See* Alaska Airlines v. Stephenson, 217 F.2d 295 (9th Cir. 1954); McIntosh v. Murphy, 469 P.2d 177 (Hawaii 1970); Restatement (Second), Contracts § 217A (Tent. Drafts Nos. 1–7, 1973). With regard to appellants' counterclaim, the record reveals substantial conflicts in the testimony, and it was the exclusive prerogative of the jury to weigh and resolve these

conflicts. Appellants' motion for a judgment notwithstanding the verdict was properly denied.

Nor have appellants demonstrated error in the court's refusal to grant their alternative motion for a new trial. We cannot conclude, from the record herein, that had the jury followed the instructions as given they could not have reached the verdict which they did. No other applicable ground for a new trial is presented on this appeal. The court's decision not to grant the motion for a new trial, therefore, must be sustained as well. Fox v. Cusick, 91 Nev. 218, 533 P.2d 466 (1975); Eikelberger v. Tolotti, 94 Nev. 58, 574 P.2d 277 (1978).

2. We also sustain the trial court's denial of Sheehan's motion for attorney's fees under NRS 608.140.[2] The affidavit submitted in support of the motion asserted only that a demand letter had been submitted seeking recovery of "certain monies then due and owing." There was, therefore, no basis for the required determination by the court that the demand was for wages, in a sum which did not exceed the amount found due by the jury.

Accordingly, we affirm.

---

[2]NRS 608.140 provides:

Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his employment, and shall establish by decision of the court or verdict of the jury that the amount for which he has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit.