CROWN CONTROLS CORPORATION, APPELLANT, *v.* STEVEN J. CORELLA AND NEVADA INDUSTRIAL COMMISSION, RESPONDENTS.

No. 13007

January 28, 1982                                    639 P.2d 555

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* Reno, and *J. Michael Herr* and *Charles J. Faruki,* Dayton, Ohio, for Appellant.

---

[1] The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON M. BATJER, Justice. Nev. Const., art. 6, § 19; SCR 10.

36

*Samuel T. Bull,* Reno, *Harkins & Beckett,* Carson City, and *The Boccardo Law Firm,* San Jose, California, for Respondents.

## OPINION

*Per Curiam:*

In October of 1979, during the course of his employment, Steven J. Corella was injured when a power lift stacker, manufactured by appellant herein, tipped over backwards onto him. Mr. Corella sued appellant, alleging that the stacker was defectively designed and manufactured and that it did not bear adequate warnings. The action was tried on a strict liability theory. The jury returned a verdict in favor of Mr. Corella for $640,000. Appellant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motions were denied. This appeal followed.

Appellant contends that the district court erred by refusing an instruction on misuse offered by appellant, and by giving an allegedly erroneous instruction on misuse.

The instruction offered by appellant and refused by the court read as follows: "Misuse of a product includes failure to use it in accordance with adequate warnings given by the manufacturer." It is not error for a trial court to refuse to give an instruction when the substance of that instruction is adequately

covered by other instructions. El Cortez Hotel, Inc. v. Coburn, 87 Nev. 209, 484 P.2d 1089 (1971); Southern Pacific Co. v. Watkins, 83 Nev. 471, 435 P.2d 498 (1967). Despite the refusal to give the above-quoted instruction, the jury was instructed that in order to find for respondent, it had to find that the stacker, at the time of the accident, was being used in the manner and for the purpose for which it was intended and was not the subject of misuse. The jury was further instructed that a product which bears suitable and adequate warnings concerning the safe manner in which the product is to be used, and which is safe to use if the warning is followed, is not in defective condition. The substance of the refused instruction was, therefore, stated in the instructions given.[1]

The instruction given to the jury to which appellant objected read as follows:

> Misuse of a product means a use which the designer and manufacturer could not reasonably foresee. The mere fact that a designer or manufacturer may not intend his product to be used in a certain way does not mean that using it in that way is a legal misuse of the product. If a designer and manufacturer should reasonably foresee that the product may be used in a way other than intended by him, such other use is not a misuse.

Appellant contends that this instruction states that a manufacturer could be held liable even if it warned against misuse. Appellant also contends that the instruction ignores the settled law of this state that a manufacturer cannot be liable for injury resulting from unintended use. The instruction does not, as appellant contends, instruct as to the ramifications of misuse despite warnings. Furthermore, although it is true that under strict liability a manufacturer is entitled to assume that his product will not be subjected to abnormal and unintended use, it is also true that use of a product in a manner which the manufacturer should reasonably anticipate is not misuse or abuse. General Electric Co. v. Bush, 88 Nev. 360, 498 P.2d 366 (1972). The instruction objected to merely repeats this principle. Error did not, therefore, occur.

We have reviewed appellant's other contentions and have determined that they are without merit. Accordingly, the judgment below is affirmed.

---

[1]Because our ruling is based upon the fact that appellant's requested instruction was adequately covered by other instructions, we express no opinion as to whether the requested instruction alone was a correct and adequate statement of the law.