LONNIE J. WILKES, APPELLANT, *v.* KEVIN J. ANDERSON, RESPONDENT.

No. 15147

July 3, 1984                                    683 P.2d 35

*Reid & Alverson,* Las Vegas, for Appellant.

*Leavitt & Leavitt,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

This is an appeal from a district court judgment in respondent's favor notwithstanding a verdict for appellant, in an action for personal injury damages stemming from an automobile accident. We reverse.

We first note that in passing upon a motion for judgment notwithstanding the verdict (JNOV), the district court must view the evidence in the light most favorable to the party against whom the motion is made; neither the credibility of witnesses nor the weight of the evidence may be considered. Air Service Co. v. Sheehan, 95 Nev. 528, 594 P.2d 1155 (1979). The district court may only grant the motion if the evidence was such that "reasonable men would have necessarily reached a different conclusion." *See* Drummond v. Mid-West Growers, 91 Nev. 698, 704, 542 P.2d 198, 203 (1975); Air Service Co. v. Sheehan, *supra; see also* Jacobson v. Manfredi, 100 Nev. 226, 679 P.2d 251 (1984); NRCP 50(b).

Viewed most favorably to appellant, the evidence disclosed that on March 3, 1981, appellant was a high school student in Las Vegas who had eaten lunch at a "fast-food" restaurant near the school. He started to return to his school by crossing a

major thoroughfare, but he did not use the crosswalk. Before appellant reached the median, he heard someone at the restaurant yell to him; he pivoted to turn around, in the direction of the oncoming traffic, and took one or two steps back toward the restaurant. He was then struck by respondent's automobile. Immediately before the accident, respondent had been distracted, and his attention was not fully on the road ahead of him although he had seen appellant and others crossing the street. At the time of the accident, respondent was speeding.

The jury found that both appellant and respondent were negligent. Under comparative negligence instructions, the jury allocated responsibility for the accident as follows: forty-four percent to appellant, and fifty-six percent to respondent. The district court granted the motion for JNOV on the sole ground that there was no proof of negligence on the respondent's part that contributed to the accident. The record does not support that conclusion. *See* Air Service Co. v. Sheehan, *supra.*

As this court has recently held, issues of negligence are considered issues of fact and not of law in Nevada; such issues are for the jury to decide, and a party's negligence becomes a question of law only when the evidence will support no other inference. *See* Shepard v. Harrison, 100 Nev. 178, 678 P.2d 670 (1984); *see also* Early v. N.L.V. Casino Corp., 100 Nev. 200, 678 P.2d 683 (1984). In this case, the district court erred by granting the JNOV motion; the evidence amply supported an inference of negligence on respondent's part.

Respondent made several different contentions in his post-trial motions, but the district court ruled only on the contention discussed above. At oral argument, counsel for respondent requested that this case be remanded to the district court, for consideration of appellant's other post-trial contentions, in the event the JNOV was overturned. We note that respondent has provided no authority indicating that such a remand is proper in these circumstances.

We have nevertheless reviewed the record on appeal, including respondent's post-trial motion for new trial and other relief, and have concluded that a new trial could not properly have been granted. *See* NRCP 59(a) (providing grounds upon which a new trial may be granted).

The record reveals, however, that the judgment on the verdict included prejudgment interest on the entire verdict without distinguishing between past and future damages, in apparent

contravention of NRS 17.130. *See* Jacobson v. Manfredi, *supra;* Stickler v. Quilici, 98 Nev. 595, 655 P.2d 527 (1982).

Accordingly, the order granting JNOV is reversed. Respondent's request for remand is denied, except that the district court may entertain further proceedings only on that portion of respondent's post-trial motion that dealt with the allowance of prejudgment interest. Judgment shall otherwise be entered in accordance with the jury's verdict.