THOMAS W. JEFFERS and STATE INDUSTRIAL INSURANCE SYSTEM, Intervenors, Appellants and Cross-Respondents, v. BOB KAUFMAN MACHINERY, a Foreign Corporation, Respondent, MECHANO-ELECTRO WORKS, INC., a California Corporation, Respondent and Cross-Appellant.

No. 15512

November 5, 1985          707 P.2d 1153

*Woodburn, Wedge, Blakey & Jeppson* and *William E. Peterson,* Reno; *Riley M. Beckett,* Carson City, for Appellants and Cross-Respondents.

*Barker, Gillock & Perry* and *Carl M. Hebert,* Reno, for Respondent.

*Vargas & Barlett* and *David S. McElroy,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

Appellant, Thomas W. Jeffers (Jeffers) received personal injuries while running a die casting machine operated by his employer, Nevada Die Casting, Inc. Jeffers filed suit against Mechano-Electro Works, Inc. (Mechano), the machine's owner, and against Bob Kaufman Machinery, the seller of the machine, for negligence and strict liability in causing his injuries. During trial, the court withdrew the issue of punitive damages from the jury. After trial, the jury returned a verdict against Mechano for its negligence, and returned a verdict against Mechano and Kaufman for their strict liability. The district court then granted Mechano a judgment n.o.v. on both counts. An appeal and cross-appeal followed. We reverse the judgment n.o.v. and reinstate the jury's verdict against Mechano. Also, we affirm the district court's withdrawal of the issue of punitive damages.

When considering a judgment n.o.v., the evidence is viewed in a light most favorable to the nonmovant. Wilkes v. Anderson, 100 Nev. 433, 434, 683 P.2d 35 (1984). The district court in considering the evidence on a motion for a judgment n.o.v. shall give the nonmovant "the benefit of every reasonable inference" from any substantial evidence supporting the verdict. Hernandez

v. City of Salt Lake, 100 Nev. 504, 507, 686 P.2d 251 (1984). In the instant case, substantial evidence supports the jury's verdicts; therefore, the district court erred when it granted Mechano a judgment n.o.v. We now turn to the evidence.

Mechano had received an invoice from Kaufman disclaiming any liability for harm caused by the machine if they omitted to conform it to minimum industry safety standards. Mechano delegated these repairs to Nevada Die Casting, but never checked to see if the industry standards had been met. Mechano, also, apparently knew that the machine had malfunctioned prior to Jeffers' accident. Despite Mechano's knowledge that the machine was unsafe, it did not act to warn Jeffers of the machine's nonobvious safety hazards. Based on these facts, the jury could have found Mechano negligent. *See* Karadanis v. Newcomb, 101 Nev. 196, 199, 698 P.2d 872 (1985); *see also* Gordon v. Niagra Mach. & Tool Works, 574 F.2d 1182, 1191-94 (5th Cir. 1978); Gronlie v. Positive Safety Mfg. Co., 212 N.W.2d 756, 759 (Mich.Ct.App. 1973). In addition, the jury could have decided that Nevada Die Casting's failure to warn Jeffers did not supersede Mechano's failure to warn him. *See* Gordon, 574 F.2d at 1193-94; Gronlie, 212 N.W.3d at 759. Thus, the district court erred in granting Mechano a judgment n.o.v. on the jury's negligence verdict.

Inadequate warnings can also be the basis for strict liability. Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 162, 561 P.2d 450 (1977). Kaufman alluded vaguely to potential safety hazards in its disclaimer invoice. Neither those concerns nor anyone else's concerns about the machine were conveyed to Jeffers. He only received instructions on how to operate the machine. Jeffers simply did not expect the machine to cause him harm while operating it. *See, e.g.,* Gordon, 574 F.2d at 1185. Based upon these facts and upon the knowledge that the machine had malfunctioned prior to Jeffers' accident, the jury had substantial evidence to hold Mechano strictly liable for Jeffers' injuries. Schupbach, 93 Nev. at 612, 561 P.2d 450; Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 414, 470 P.2d 135 (1970). Thus, the district court erred in granting Mechano a judgment n.o.v. on the jury's strict liability verdict.

Finally, the district court did not err in withdrawing the issue of punitive damages from the jury. In considering this question, we give deference to the district court's weighing of the evidence. Summa Corp. v. Greenspun, 98 Nev. 528, 535, 655 P.2d 513 (1982). In reviewing the record, we believe that the district court could have reasonably concluded that evidence of malice in fact

had not been presented by the parties. *See* Warmbrodt v. Blanchard, 100 Nev. 703, 709, 692 P.2d 1282 (1984). We, therefore, affirm its decision on this issue.

In conclusion, we reverse the judgment n.o.v. for both the negligence and strict liability counts and reinstate the jury's verdict against Mechano. We also affirm the district court's removal of the punitive damages issue from the jury's consideration. Our resolution of this case is dispositive of the other issues raised; therefore, we need not reach them.