# BILLY DEAN YORK, Appellant, *v.* JEANNE DARLENE YORK, Respondent.

## No. 15536

May 1, 1986                                          718 P.2d 670

*Petty and Petty,* Reno, for Appellant.

*W. H. Tobeler,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On June 15, 1983, this court determined that an award to Ms. York of $15,000.00 in a divorce action was error. The cause was remanded with instructions that "the district court should determine whether it is necessary to redistribute the community assets in light of our determination that respondent is not entitled to the $15,000.00 which she was awarded." York v. York, 99 Nev. 491, 493, 664 P.2d 967, 968 (1983). On remand, the district court determined that Ms. York was entitled to $13,042.41. We hold that the district court erred by awarding $2,900.00 "for other services." We reverse and remand for a modification of the judgment as to this amount.

### Discussion

The district court determined that Ms. York was entitled to $13,042.41 for her contributions to Mr. York's separate property residence, for her repayment of a community debt and "for other services." On appeal, Mr. York claims that the district court abused its discretion.

Mr. York first contends that the lower court erred because part of the award was based on the fact that during the marriage, community funds were used to pay a second mortgage outstanding against his separate property residence. Mr. York claims the second mortgage secured a personal loan acquired by the parties after their marriage. There is no evidence before this court, however, to support his contention. An order was filed by this court on January 4, 1985, directing that the record be supplemented with this particular evidence. This was not done. The order directed that if the record was not supplemented, "[w]e will presume that this evidence was not before the district court and we will disregard any factual allegations contained in the briefs and not supported by the record on appeal." It is uncontested that community funds were expended for the mortgage payments on Mr. York's separate property. Thus, the community acquires an interest to the extent and in the proportion that the purchase price is contributed by the community. Sly v. Sly, 100 Nev. 236, 239, 679 P.2d 1260, 1262 (1984). Thus, Ms. York would be entitled to an interest in the property. The district court did not err by awarding her monies to offset this acquired interest in Mr. York's separate property residence.

Mr. York also contends that the district court erred by failing to

order an equal distribution of responsibility for a community debt. Examination reveals that the district court did apportion the debt equally. Mr. York's claim that his community obligation for this debt should only be $750.00 is erroneous in that he fails to acknowledge interest accrual. The Yorks borrowed $1,500.00 around the time of their separation. After separation, Ms. York assumed responsibility for repayment of the loan. During oral argument, counsel for Mr. York conceded that the terms of the loan required $72.36 per month for thirty-six (36) months. Thus, repayment totalled $2,604.96. One-half of this amount is $1,302.48 and this was the award to Ms. York. Thus, the district court did not err.

Mr. York next contends that the district court erred by awarding $2,900.00 to Ms. York "for other services." This award was based on evidence that Ms. York performed general household duties and cared for Mr. York's children.

It is generally recognized that the marital community is a partnership to which both parties contribute. Each spouse contributes his or her industry in order to further the goals of the marriage. There was evidence to show that Ms. York labored for the benefit of her marital relationship by performing household duties. She fails, however, to cite any authority for the proposition that such services are compensable upon divorce. This court has repeatedly held that contentions which are unsupported by authority need not be considered. *Cf.*, Cummings v. Tinkle, 91 Nev. 548, 551, 539 P.2d 1213, 1215 (1975). Thus, the district court erred by awarding $2,900.00 "for other services." Accordingly, we reverse this portion of the district court's ruling and remand for a modification of the judgment.