SHELLEY VAN DUZER, Appellant, v. SHOSHONE COCA COLA BOTTLING CO., a Nevada Corporation, and OWENS–ILLINOIS, INC., an Ohio Corporation, Respondents.

No. 17520

August 27, 1987                    741 P.2d 811

[Rehearing denied December 31, 1987]

*Nada Novakovich* and *Nicholas J. Drakulich,* Reno, and *D. Bert Garraway* and *Bart Eaton,* Baton Rouge, Louisiana, for Appellant.

*Echeverria, Osborne & Jenkins,* and *Cathy Bradford,* Reno, for Respondent Shoshone Coca Cola Bottling Co.

*Vargas & Bartlett,* and *Michael A. Iglesia,* Reno, and *Morganstein & Jubelirer,* and *James Balich,* San Francisco, for Respondent Owens-Illinois, Inc.

# OPINION

*Per Curiam:*

Appellant Shelley Van Duzer worked as a cashier at Raley's Supermarket in Reno. On July 25, 1985, a customer brought a shopping cart containing bottles of Canada Dry Salt-Free Seltzer to Van Duzer's checkstand. As Van Duzer began removing potato chips from the top of the cart, a bottle of seltzer exploded severely injuring her in the eye. As a result, Van Duzer required surgery and, ultimately, a cornea transplant. She brought suit on a strict liability theory against Owens-Illinois, Inc., which manufactured the bottle, and Shoshone Coca Cola Bottling Co., which bottled the product and placed it on the shelves of the store. She alleged she was injured because the bottle was defective. Although the bottle exploded while in a shopping cart and there was not evidence it had been subjected to abnormal handling or misuse, the jury returned a verdict for the defendants. Van Duzer moved for judgment notwithstanding the verdict or for a new trial. The district court denied her motion. She appeals.

Van Duzer argues she was entitled to a new trial because of manifest disregard of the court's instructions by the jury. NRCP 59(a). A new trial is warranted if it would have been impossible

for the jury to have rendered the verdict if it had properly applied the instructions. Rees v. Rodrigues, 101 Nev. 302, 304, 701 P.2d 1017, 1019 (1985).

This court has long recognized that a manufacturer or distributor of a product is strictly liable for injuries resulting from a defect in the product that was present when the product left its hands. Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 413, 470 P.2d 135, 138 (1970). The district court correctly instructed the jury that a product is defective when it fails to perform in the manner reasonably to be expected in light of its nature and intended function. *Id.* As a corollary, the manufacturer or distributor is entitled to assume the product will not be subjected to abnormal or unintended uses. General Electric Co. v. Bush, 88 Nev. 360, 365, 498 P.2d 366, 369 (1972). Hence, there is no liability for an injury resulting from an abnormal or unintended use of the product. *Id.*

According to the uncontradicted evidence, the bottle exploded while in a parked shopping cart. The customer testified she did not drop the bottle or bump the cart. Van Duzer, herself, did not even touch the bottle. We are at a loss to understand how the jury could have concluded from this evidence that the bottle did not fail to perform in the manner to be reasonably expected. The bottle was handled in precisely the manner in which it was intended to be handled. The customer removed it from the shelf, placed it in the shopping cart with other items, and took it to the checkstand. A product container that cannot withstand the rigors of normal shopping practices is unreasonably dangerous and, by definition, defective.

We are mindful the evidence must be viewed in the light most favorable to the respondents. Wilkes v. Anderson, 100 Nev. 433, 434, 683 P.2d 35 (1984). Thus, we accept their theory and the testimony of their expert witness that the bottle shattered after colliding with one of the other glass containers in the cart. However, we fail to see the significance of this evidence. Respondents have suggested a sharp external blow to the bottle constitutes misuse which relieves them of liability for the ensuing injury. This contention has no merit when the external blow occurs as an incident of normal handling. Use of a product in a manner which should be reasonably anticipated is not misuse or abuse. Crown Controls Corp. v. Corella, 98 Nev. 35, 37, 639 P.2d 555, 557 (1982). It is to be expected that a bottled product

sold in a supermarket will be placed in a cart with other products which may also be sold in glass containers. Some jostling can be anticipated as the items are wheeled around the store. We note the customer had brought the cart to a stop at Van Duzer's checkstand at the time of the explosion and that none of the percipient witnesses detected an impact. The resulting blow did not result from misuse. This is not a case where one object was hurled across a speeding cart at another object.

By respondents' own theory of the facts, the bottle shattered because of a single blow. Under the facts of this case, susceptibility to breakage on impact with other bottles ordinarily found in shopping carts, rendered the bottle unreasonably dangerous and defective. The evidence indicates this defect was inherent in the bottle and present when it left the control of the manufacturer and, hence, the distributor. Respondents' own expert witness testified the bottle had not been weakened prior to breakage. Although respondent Owens-Illinois, Inc. presented evidence the bottle had no visible flaw and conformed to certain manufacturing specifications, this does not negate the presence of an inherent trait rendering the item unreasonably dangerous.

Van Duzer succeeded in presenting a prima facia case. Respondents did not present any evidence negating the elements of a cause of action in strict liability or supporting the defense of product misuse. The verdict could only have resulted from manifest disregard of the instructions. Since we conclude Van Duzer is entitled to a new trial, we need not address her remaining assignments of error. We reverse the judgment of the district court and remand the cause for proceedings consistent with this opinion.