OLIVER, Chief U.S. District Judge,
dissenting.
One of the grounds on which the district court granted Defendant’s motion for summary judgment was that Plaintiff was required to, and did not, present “expert testimony establishing ... that the blood pressure monitor was defective.” I agree with the majority that “Nevada’s courts have not expressly stated that a plaintiff must present expert testimony to establish a defect.” However, I disagree with the majority’s conclusion that, assuming no such requirement, Plaintiff did not otherwise present evidence that the monitor was defective. Under Nevada law, a plaintiff may rely on evidence other than expert testimony to show that a defective product failed to perform in the manner reasonably expected. See, e.g., Van Duzer v. Shoshone Coca Cola Bottling Co., 103 Nev. 383, 741 P.2d 811, 812-13 (1987) (finding bottle was unreasonably dangerous based on lay witness testimony). Here, Plaintiff presented evidence that he suffered a stroke as a result of high blood pressure at a time when his monitor was consistently showing that his pressure was normal or below normal. I also agree with the majority that the district court erred when it held that Plaintiff had failed to offer evidence of causation because he did not “produce medical expert testimony opining to a reasonable degree of medical certainty that the allegedly defective product caused the Plaintiffs injury.” Instead, the district court should have determined whether there was evidence that the design defect in the product was a substantial factor in causing his injuries. I disagree with the majority’s conclusion that, nevertheless, Plaintiff did not present evidence that the design defect was a substantial factor in causing his injury. Plaintiff presented evidence that he reported his blood pressure readings to his doctor or a member of the doctor’s staff, and Plaintiff was told to reduce his intake of blood pressure medication by one-half. He also presented evidence that, because the monitor gave him consistently normal readings during the period between visits to his doctor, it caused him to believe that his blood pressure was under control such that no medication was required. Although the majority correctly indicates, “we must focus on the foreseeability of the nature and extent of the injury the [Pjlaintiff claims was caused by the defect,” I conclude that such a focus leads to a result that is contrary to that reached by the majority. While it might not be wise, I think it is foreseeable that one might conclude that if a blood pressure monitor consistently indicates that one’s blood pressure is normal, one might also conclude that one is not currently suffering from that condition.
Thus, I would reverse the granting of summary judgment and remand the case back to the district court for trial.