JEAN V. MILLSPAUGH, APPELLANT, *v.* GREGORY LOWELL MILLSPAUGH AND MICHELLE ANN MILLSPAUGH,[1] A MINOR, RESPONDENTS.

No. 11931

May 22, 1980                              611 P.2d 201

*Morris & Wood,* Las Vegas, for Appellant.

---

[1]Although she is a named respondent in this appeal, Michelle Ann Millspaugh joins with the contentions raised and relief sought by appellant.

*Taylor Professional Corporation,* and *John A. Taylor,* Las Vegas, for Respondent Gregory Lowell Millspaugh.

*Douglas R. Pike,* Las Vegas, for Respondent Michelle Ann Millspaugh.

## OPINION

*Per Curiam:*

In this appeal, Jean V. Millspaugh contends the district court erroneously granted a motion to dismiss her complaint to cancel a deed. We agree.

Respondents Gregory Lowell Millspaugh and Michelle Ann Millspaugh are the son and daughter of appellant, a widow. In 1971, appellant asked Gregory to prepare a document which would convey her house to her children upon her death. It was her intention that she would remain the sole owner of the house until then. Gregory, however, presented appellant with a deed which conveyed present interests in the house to her and respondents as joint tenants. Relying upon the alleged false representations of Gregory that the deed effectuated her wishes, appellant signed the deed and had it recorded.

In 1976, when appellant attempted to file a declaration of homestead, she discovered that she was no longer the sole owner of the house. Two years later—December 6, 1978—she filed a complaint seeking to cancel the deed she signed in 1971 on the ground that the deed was the result of fraud and mistake.

Gregory thereafter filed a motion to dismiss the complaint, alleging that the action was barred by the statute of limitations and therefore appellant had failed to state a claim upon which relief could be granted. *See* NRCP 12(b)(5). Pursuant to NRCP 12(b), the motion was treated and disposed of as one for summary judgment, and will be so viewed on appeal.[2]

---

[2]NRCP 12(b) states in part:

"If, on a motion asserting the defense numbered (5) to dismiss for failure of

The cause of action in this case was based on alleged fraudulent misrepresentations or mistake which induced appellant to make the 1971 conveyance. Thus, the applicable limitation is the 3-year period for actions for relief on the ground of fraud or mistake set forth in NRS 11.190(3)(d).[3] This period began to run from the date of the discovery of facts which, in the exercise of proper diligence, would have enabled appellant to learn of the fraud or mistake. Howard v. Howard, 69 Nev. 12, 239 P.2d 584 (1952).

In the motion to dismiss, Gregory contended that the statute of limitations began to run in 1972 when appellant consulted an attorney about preparing her will. At this time she informed the attorney that she "had Gregory draw [up the deed] and that it was to protect him in case I was to die beforehand with the understanding of course that the property would be rightfully mine until I died." She did not show the deed to the attorney, nor did they have any further discussions concerning the deed.

The district judge agreed with Gregory that appellant should have discovered the fraud or mistake when she consulted the attorney in 1972. Therefore, he concluded that the action was not commenced within the required time, and dismissed the action with prejudice.

Appellant, on the other hand, contends the statute of limitations did not begin to run until 1976, when, while attempting to file the aforementioned declaration of homestead, she discovered the alleged fraud of respondent. Thus, she argues, the filing of the complaint in 1978 was not untimely.

The pertinent question here is whether appellant should have learned, through the exercise of proper diligence, of the fraud or mistake when she met with her attorney in 1972, thereby triggering the statute of limitations. This is a question of fact to be determined by the jury or trial court after a full hearing

the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

[3]NRS 11.190 states in part:

"Actions other than those for the recovery of real property, unless further limited by NRS 11.205 or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:

". . . .

"3. Within 3 years:

". . . .

"(d) An action for relief on the ground of fraud or mistake; the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

where, as here, the facts are susceptible to opposing inferences. *See* Golden Nugget, Inc. v. Ham, 95 Nev. 45, 589 P.2d 173 (1979); Dredge Corp. v. Wells Cargo, Inc., 80 Nev. 99; 389 P.2d 394 (1964); Hobart v. Hobart Estate Co., 159 P.2d 958 (Cal. 1945).

In this case, there are genuine issues of material fact to be determined regarding appellant's conversation with her attorney in 1972, and whether their brief discussion concerning the deed was sufficient to charge appellant with knowledge of the fraud or mistake, thus starting the running of the statute of limitations. The district judge therefore erred when he found as a matter of law that appellant's cause of action was barred by the statute of limitations. Golden Nugget, Inc. v. Ham, *supra.*

Accordingly, the judgment is reversed and this case is remanded for trial.