967 P.2d 437 (1998)
Kevin Lynn BEMIS and Scott Ross Bemis, Appellants,
v.
The ESTATE OF Jack Lynn BEMIS, Rodney F. Blasius, Executor, Respondent.
No. 27997.
Supreme Court of Nevada.
November 25, 1998.
*439 Aebi & McCarthy, Carson City, for Appellants.
Peter Smith, Carson City, for Respondent.

OPINION
PER CURIAM.
Jack and Frankie Bemis were divorced on January 3, 1972. At the time of their divorce, Jack and Frankie had two minor sons, appellants Kevin and Scott Bemis, ages 13 and 12 respectively. The court entered a decree of divorce that incorporated a property settlement agreement (the "divorce agreement"). The agreement provided:
That the First Party [Jack Bemis] is the beneficiary of a California trust which will terminate within the next year; that First Party agrees that a trust will be established with the E.F. HUTTON COMPANY, as trustee, in the amount of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, with the two (2) minor children as beneficiaries, and the trust and any accumulated interest be distributed to the beneficiaries, share and share alike, when the oldest one reaches the age of twenty-five (25). The beneficiaries shall be entitled to payments from said trust, including payments from the corpus thereof, when in the sole discretion of the trustees, said payments shall be necessary for the support, education, or general welfare of either one of them.
Kevin and Scott allege that to minimize the anxiety created by the divorce and to promote healthy father-son relations between Jack and his sons, Frankie rarely discussed the divorce with her children, and never mentioned the agreement. The pleadings indicate that Jack failed to establish a trust for Kevin and Scott, and the children never received any financial assistance from their father after the divorce.
On February 11, 1995, Jack died, leaving nothing to Frankie, Kevin or Scott. Kevin and Scott allege that upon Jack's death, Frankie informed them of the trust fund; prior to this time they had no knowledge of the provisions of their parents' divorce decree. On May 30, 1995, and June 7, 1995, Kevin and Scott filed creditors' claims against Jack's estate (the estate) to collect the money that Jack had agreed to hold in trust pursuant to the 1972 divorce agreement. The estate rejected these claims.
On August 22, 1995, Kevin and Scott filed suit against the estate alleging causes of action for conversion and breach of contract, and seeking equitable relief in the form of a resulting trust consisting of the $25,000 specified in the divorce agreement, including accrued interest. On September 1, 1995, the estate filed a NRCP 12(b)(5) motion to dismiss the claims as being barred by the applicable statutes of limitations. On December 4, 1995, the court granted the estate's motion. Kevin and Scott appeal from the district court's dismissal of their complaint.
For reasons discussed below, we conclude that the district court erred in dismissing Kevin and Scott's complaint as being barred by the running of the statutes of limitations.

DISCUSSION
A court can dismiss a complaint for failure to state a claim upon which relief can be granted if the action is barred by the statute of limitations. NRCP 12(b)(5); Shupe & Yost, Inc. v. Fallon Nat'l Bank, 109 Nev. 99, 100, 847 P.2d 720, 720 (1993). In reviewing a dismissal of a complaint, we must "determine whether or not the challenged pleading sets forth allegations sufficient to make out the *440 elements of a right to relief." Edgar v. Wagner, 101 Nev. 226, 227, 699 P.2d 110, 111 (1985). In making this determination, this court must accept all the factual allegations in the complaint as true. Pemberton v. Farmers Ins. Exchange, 109 Nev. 789, 792, 858 P.2d 380, 381 (1993). "A claim should not be dismissed ... unless it appears to a certainty that the plaintiff is not entitled to relief under any set of facts which could be proved in support of the claim." Hale v. Burkhardt, 104 Nev. 632, 636, 764 P.2d 866, 868 (1988).
We have previously recognized a distinction between the "discovery rule" and the "general rule" of accrual of a cause of action for statute of limitations purposes:
The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought. An exception to the general rule has been recognized by this court and many others in the form of the so-called "discovery rule." Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action.
The rationale behind the discovery rule is that the policies served by statutes of limitation do not outweigh the equities reflected in the proposition that plaintiffs should not be foreclosed from judicial remedies before they know that they have been injured and can discover the cause of their injuries.
Petersen v. Bruen, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990) (emphasis added) (citations omitted).
NRS 11.190(1)(b) provides a six year limitation period for contract actions, but is silent as to when such a cause of action accrues.[1] However, we have previously applied the discovery rule to contract actions, holding that an action for breach of contract accrues as soon as the plaintiff knows or should know of facts constituting a breach. Soper v. Means, 111 Nev. 1290, 1294, 903 P.2d 222, 224 (1995). The three year limitations period provided in NRS 11.190(3)(c), which governs Kevin and Scott's conversion claim, is also silent as to time of accrual. In Hartford Accident and Indemnity Co. v. Rogers, 96 Nev. 576, 613 P.2d 1025 (1980), we implied that a conversion cause of action accrues no later than the time at which the injured party becomes aware of the taking. Today, we conclude that the statute of limitations for conversion is discovery based.
In a discovery based cause of action, a plaintiff must use due diligence in determining the existence of a cause of action. Sierra Pacific Power Co. v. Nye, 80 Nev. 88, 389 P.2d 387 (1964). Whether plaintiffs exercised reasonable diligence in discovering their causes of action "is a question of fact to be determined by the jury or trial court after a full hearing." Millspaugh v. Millspaugh, 96 Nev. 446, 448, 611 P.2d 201, 203 (1980). Dismissal on statute of limitations grounds is only appropriate "`when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered'" the facts giving rise to the cause of action. Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1307 (9th Cir.1992) (quoting Mosesian v. Peat, Marwick, Mitchell & Co., 727 F.2d 873, 877 (9th Cir.1984)).
At this stage of the proceedings, there is no evidence to suggest that Kevin and Scott had any knowledge that would put them on inquiry notice to investigate potential claims they may have had against their father prior to his death. Nothing in the record developed thus far indicates that Kevin and Scott knew that a marital settlement agreement existed, much less that they were the beneficiaries of such an agreement. *441 Nonetheless, the district court determined that Kevin and Scott had access to the agreement because it was a public record, and they should have previously inquired into the terms of their parents' divorce and their father's obligations pursuant thereto. We disagree.
In the instant situation, it cannot be said as a matter of law that Kevin and Scott should have known of their parents' divorce agreement simply because it was public record. Cf. Allen v. Webb, 87 Nev. 261, 485 P.2d 677 (1971).[2] Whether Kevin and Scott exercised due diligence in discovering their cause of action is a question of fact which on remand should be determined by the trier of fact. The district court imposed an affirmative obligation on Kevin and Scott, upon reaching the age of majority, to investigate whether they may have had claims to pursue arising from their parents' divorce agreement. We can think of no policy to be served by imposing such an obligation on the children of divorce.[3]
Accordingly, we conclude that the district court erred in dismissing Kevin and Scott's legal claims as being barred by the statute of limitations. The trier of fact must determine when Kevin and Scott knew or should have known of facts giving rise to their conversion and breach of contract claims.
Alternatively, Kevin and Scott's complaint seeks relief in equity, asking the district court to impose a resulting trust on the $25,000 which Jack had agreed to put into an express trust for their benefit pursuant to the divorce agreement, in addition to accrued interest. Implied trusts are equitable remedies; the basic objectives of both constructive and resulting trusts are the recognition and protection of property rights that have arisen in an innocent partythe vital tenet is one of equity.[4]Cummings v. Tinkle, 91 Nev. 548, 550, 539 P.2d 1213, 1214 (1975).
"Despite some confusion in the courts between resulting and constructive trusts, the concepts are distinguishable.... [A] constructive trust, unlike a resulting trust, does not require that the parties specifically intended to create a trust." 76 Am.Jur.2d Trusts § 163 (1992). "The constructive trust is no longer limited to [fraud and] misconduct cases; it redresses unjust enrichment, not wrongdoing." Dan B. Dobbs, Law of Remedies § 4.3(2) (2d ed.1993). See also DeLee v. Roggen, 111 Nev. 1453, 1457, 907 P.2d 168, 170 (1995) (quoting Locken v. Locken, 98 Nev. 369, 372, 650 P.2d 803, 804-05 (1982)) (reiterating that "`[a] constructive trust is a remedial device by which the holder of legal title to property is held to be a trustee of that property for the benefit of another who in good conscience is entitled to it'").
*442 In Locken, we held that a constructive trust exists where: "(1) a confidential relationship exists between the parties; (2) the retention of legal title by the holder thereof against another would be inequitable; and (3) the existence of such a trust is essential to the effectuation of justice." 98 Nev. at 372, 650 P.2d at 804. We note that Kevin and Scott's complaint did not specifically request the remedy of a constructive trust; however, applying the Locken criteria, the remedy of constructive trust may be available notwithstanding a failure to plead fraud in the complaint. See Dobbs, supra.
In the instant case, the Locken elements have been satisfied. First, a confidential relationship existed between Kevin and Scott and their father. See Locken, 98 Nev. 369, 372, 650 P.2d 803, 805 (1982) (a confidential relationship exists between father and son). Second, Jack's retention of legal title of the funds that he promised to his sons in the divorce agreement was inequitable. Finally, the existence of a constructive trust is essential to the effectuation of justice because it would prevent Jack's estate from benefiting from Jack's inequitable act-the wrongful retention of his sons' money. Accordingly, we conclude that Jack held the monies designated for his sons in a constructive trust. Upon Jack's death, the estate became the trustee of the constructive trust.
Having concluded that the divorce agreement created a constructive trust in favor of Kevin and Scott, we must consider whether the district court properly determined that their equitable claim was barred by the statute of limitations. The statute of limitations begins to run "from the time when the wronged party knows or should know of the inequitable conduct of the title-holder." George T. Bogert, Trusts 642 (1987).
Taking the facts set forth in the complaint as true, Kevin and Scott first learned about the trust that their father was obligated to create for them after their father's death on February 11, 1995. They promptly filed creditors' claims against the estate, which were subsequently denied. The district court found, as a matter of law, that the trust was repudiated in 1984 when Kevin reached the age of twenty-five. We conclude that pursuant to the facts pleaded, the district court erred in making such a finding as a matter of law.

CONCLUSION
We conclude that the discovery rule governs the statutes of limitations applicable to claims of conversion and breach of contract. Here, in the absence of uncontroverted evidence, the question of when Kevin and Scott knew or should have known of their claims is one of fact. Accordingly, the district court erred in deciding, as a matter of law, that Kevin's and Scott's legal claims were barred by the statutes of limitations.
We further conclude that a constructive trust is an appropriate remedy on these facts. When one seeks the imposition of a constructive trust in equity, the statute of limitations accrues when the wronged party knows or should have known about the constructive trustee's wrongful holding. Thus, with only the pleadings before it wherein Kevin and Scott assert that they first learned about their father's failure to create a trust for their benefit shortly before they filed their creditors' claims in 1995, the district court erred in concluding that this equitable relief was precluded as a matter of law.
Therefore, we reverse the district court's order and remand this case for proceedings consistent with this opinion.
YOUNG, J., dissenting.
I cannot agree with the majority's conclusion that the district court erred in dismissing appellants' complaint pursuant to the statute of limitations. In my opinion, appellants' claims are barred by the statute of limitations.[1] While appellants cannot be charged with notice during the period they were minors, the evidence demonstrates that appellants failed to exercise due diligence in *443 discovering their claims for more than eighteen years after reaching majority.[2]
The majority is correct in recognizing that dismissal on statute of limitations grounds is only appropriate "`when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct.'" Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1307 (9th Cir. 1992) (quoting Mosesian v. Peat, Marwick, Mitchell & Co., 727 F.2d 873, 877 (9th Cir. 1984)). The majority also correctly concludes that a plaintiff must use due diligence in determining the existence of a cause of action. Sierra Pacific Power Co. v. Nye, 80 Nev. 88, 94-95, 389 P.2d 387, 390 (1964). My points of contention lie with the majority's conclusions that there is no evidence to suggest that appellants knew or should have known about their cause of action and that a question of fact remains regarding the due diligence of appellants.
The majority concludes that because appellants did not have inquiry notice, it cannot be said as a matter of law that appellants knew or should have known about their claims. However, the majority fails to point out that inquiry notice is but one of three types of notice that can be used to impute knowledge on Kevin and Scott. Kevin and Scott could be charged with actual, constructive, or inquiry notice, depending on the circumstances. Here, the divorce decree was a matter of public record. Thus, appellants should be charged with constructive notice of their cause of action.[3] Hence, appellants knew or should have known of their cause of action because of this form of constructive notice.
Moreover, it is not unlikely that appellants had actual notice. Frankie (the mother) was aware of the property settlement agreement in which appellants were to be the beneficiaries of the trust. Frankie presumably had a congenial relationship with her two sons. It almost strains credulity to reach the conclusion that their mother never in twenty-three years informed them of the proposed trust.
Even if constructive or actual notice is not imputed to appellants, their claim is time barred because they failed to exercise due diligence in discovering the claim. The issue of whether a plaintiff exercised due diligence usually gives rise to a question of fact appropriate for the trier of fact. Such questions, however, may be decided as a matter of law "when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct." Nevada Power Co., 955 F.2d at 1307. Here, appellants admitted that they made no effort to discover the existence of their cause of action during the twenty-three years since their parents' divorce. The district court's determination that this admission left no question of fact for the jury to resolve was not error.
The application of the statute of limitations to constructive trusts is straightforward. Constructive trusts are involuntary and are imposed upon the trustee to remedy a wrongdoing. George T. Bogert, Trusts 642 (1987). Thus, "[t]here is a cause of action from the date when the trustee's wrongful holding begins, and the Statute of Limitations should begin to run against it from the time when the wronged party knows or should know of the inequitable conduct of the titleholder." Id.
As pointed out earlier, there is evidence to support that appellants had constructive or actual notice of their claim after reaching majority. The trial court properly concluded that appellants' conduct did not constitute due diligence. Hence, appellants' claims are time barred due to the six-year statute of limitations for the contract claim and the *444 three-year statute of limitations for the conversion claim. Accordingly, I would affirm the summary judgment and order the appeal dismissed.
NOTES
[1] In dealing with statutes that do not specify when a cause of action accrues, we have held that the discovery rule would apply. See Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 622-23, 668 P.2d 1075, 1079 (1983) (holding that where the "catch all" statute of limitations, NRS 11.220, was silent as to time of accrual, the discovery rule would apply). We have further noted that "`[t]o hold otherwise would transmute the statute from one of limitation into one of abolition.... Such a result is not consonant with the legislative purpose of the statute.'" Id. at 623, 668 P.2d at 1079 (quoting Malesev v. Bd. of County Road Comm'rs, 51 Mich.App. 511, 215 N.W.2d 598, 599 (Mich.Ct.App.1974)).
[2] In Allen v. Webb, 87 Nev. 261, 270, 485 P.2d 677, 682 (1971), we recognized the well-known principle that the public recording of real estate deeds constitutes constructive notice of the transaction. However, under the circumstances set forth in Allen, we held that the public recording of a deed would not constitute constructive notice of facts giving rise to a prior purchaser's negligence cause of action against his escrow agent. Id. The escrow agent had failed to record the prior purchaser's deed, thereby allowing a subsequent bona fide purchaser to successfully assert superior title against the prior purchaser under Nevada's recording statutes. Id.
[3] With regard to Kevin and Scott's breach of contract claim, we are cognizant of the rule that a third-party beneficiary is subject to any defense arising from the contract that is assertable against the promisee; however, we have set forth certain exceptions. Gibbs v. Giles, 96 Nev. 243, 246, 607 P.2d 118, 120 (1980) (holding that the statute of limitations is tolled during the third-party beneficiary's infancy).

Furthermore, on these singular facts we are not willing to impute a mother's knowledge of breach to the children for whose benefit the alternative support decree was entered. Therefore, we conclude that Kevin and Scott's cause of action for breach of contract did not accrue until they knew or should have known of the facts constituting their claim. Soper v. Means, 111 Nev. 1290, 1294, 903 P.2d 222, 224 (1995).
[4] A resulting trust exists where the acts or expressions of the parties indicate an intent that a trust relation results from their transaction. 76 Am.Jur.2d Trusts § 163 (1992). Specifically, a resulting trust may arise on the failure of an express trust. Washburn v. Park East, 795 F.2d 870, 872 (9th Cir.1986). In the instant case, a resulting trust did not arise because the record shows that Jack had no intention of creating a trust. In fact, Jack disregarded the divorce agreement altogether, evidenced by the fact that Jack failed to set aside any sum of money for Kevin and Scott.
[1] Appellants' complaint contains two causes of action, one in contract and one in tort. Unfortunately, the statutes of limitations, six years and three years respectively, bar the claims.
[2] Kevin Bemis reached the age of majority in 1977, while Scott Bemis reached majority in 1978.
[3] The majority cites Allen v. Webb, 87 Nev. 261, 270, 485 P.2d 677, 682 (1971), to show that public recording of a deed would not constitute constructive notice. However, that case dealt with an escrow agent's failure to record a deed, thereby allowing a bona fide purchaser to assert superior title. Here, there is no allegation that the divorce decree was not found in public record. Sierra Pacific Power Co., 80 Nev. at 94-95, 389 P.2d at 390, held that plaintiffs arguing they were unaware of their claims were imputed to have knowledge of such claims because the information necessary to discover them could be found in public records.