An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| JOSEPH SCALA, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>CENTENNIAL CENTRE, LLC, A<br>NEVADA LIMITED LIABILITY<br>COMPANY,<br>Respondent. | No. 59295<br><br>**FILED**<br><br>APR 2 5 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment in a contract action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant Joseph Scala ("Scala") bought fifty acres in Las Vegas to build an auto mall in 1998. Respondent Centennial Centre, LLC ("Centennial"), bought 150 acres adjacent to Scala's property and developed a commercial shopping center. The parties entered into an agreement (the "Maintenance Agreement"), pursuant to city planning documents, that they would maintain the perimeter areas of their collective property (the "PMAs") for the benefit of the City of Las Vegas.[1] Scala failed to maintain the PMAs, so Centennial began paying for their maintenance and billing Scala for his share of the costs so that the City would not put a lien on their properties. When Scala refused to pay, the parties tried unsuccessfully for many years to settle their dispute.

---

[1]Scala construes this contract as one between himself and Centennial, jointly, and the City of Las Vegas. However, the plain language of the contract demonstrates it was an agreement between Scala and Centennial, and the City of Las Vegas was the third-party beneficiary. Therefore, we conclude Scala's arguments that Centennial is not the proper party to enforce the Maintenance Agreement are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-12203

Centennial finally filed a suit in district court seeking, among other claims, damages for Scala's alleged breach of contract. After the district court denied Scala's motion for summary judgment on statute of limitation grounds, the parties proceeded to mediation. As a result of the mediation, the parties reached a memorandum of understanding ("MOU") that outlined a number of duties and benefits. Attempts to draft an amenable formal settlement agreement failed and Centennial filed a motion seeking enforcement of the MOU, which the district court granted. Scala now appeals.

*The district court did not err in denying Scala's motion for summary judgment*

Scala argues that the district court improperly denied his motion for summary judgment on statute of limitation grounds because Centennial knew in 2001 that Scala would never pay for the maintenance of the PMAs, which commenced the accrual of Centennial's cause of action. We review the district court's denial of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings and other evidence . . . demonstrate that no 'genuine issue [of] material fact [remains] and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (second alteration in original) (quoting NRCP 56(c)).

Here, the district court denied Scala's motion for summary judgment without prejudice because "there [were] too many issues of fact." The point at which Centennial "should have known of the facts constituting the elements of [its] cause of action" presented a genuine issue of material fact for the trier of fact to consider. *Soper v. Means*, 111 Nev. 1290, 1294, 903 P.2d 222, 224 (1995) (determining that the point when plaintiff discovers facts constituting his cause of action is a question of fact); *see also Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024-25, 967

P.2d 437, 440 (1998) (discussing that the "discovery rule" provides that the cause of action accrues as soon as the plaintiff discovers or reasonably should have discovered the facts constituting a breach); *Massey v. Litton*, 99 Nev. 723, 728, 669 P.2d 248, 252 (1983) (providing that the point at which the statute of limitation begins to run presented a factual issue precluding summary judgment). In particular, the impact of Scala's October 21, 2001 letter, and the purpose and effect of the payments Scala made later presented genuine issues of material fact for the trier of fact to determine. *See* NRS 11.200 ("The time in NRS 11.190 shall be deemed to date from the last transaction or last item charged or last credit given ..."). Therefore, the district court did not err in denying Scala's motion for summary judgment on the statute of limitations issue.

*Substantial evidence supported the district court's decision to enforce the MOU as a settlement agreement*

Scala also claims the MOU is an unenforceable settlement agreement because the parties did not agree to all material terms, particularly one dealing with Centennial's development of a trail system on its property. A settlement agreement is a contract, so principles of contract law govern its construction and enforcement. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). Whether a contract exists is a question of fact, and this court defers to district court findings supported by substantial evidence. *Id.* at 672-73, 119 P.3d at 1257. The district court made nineteen written findings of fact in its final judgment to enforce the MOU as a settlement agreement.

This court upholds the enforcement of settlement agreements "put on record and approved in open court." *See Grisham v. Grisham*, 128 Nev. ___, ___, 289 P.3d 230, 233-34 (2012) (enforcing an oral settlement agreement when read into the record and approved in open court even though one party later disagreed with its terms). Here, the district court's

finding that the MOU was an enforceable settlement agreement was supported by substantial evidence. Specifically, the MOU was drafted at the end of a ten-hour mediation, both parties signed the document, and the agreement was read into the record in open court without objection by Scala. Although Scala argues the trail system was an essential term of the agreement, insufficient evidence exists to establish that parties discussed the trail system at mediation. Therefore, substantial evidence supports the district court's decision to enforce the MOU as a settlement agreement.[2]

We have considered the parties' remaining arguments and conclude they are without merit. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[2]Scala also argues the district court erred in interpreting the MOU because its terms were ambiguous. However, since the question in front of the district court was whether the MOU was an enforceable settlement agreement, not whether one party violated its terms (which would have required interpretation), we conclude Scala's argument is misplaced. We conclude the terms of the MOU were sufficiently certain and definite for the district court to compel compliance if necessary. *See Grisham*, 128 Nev. at ___, 289 P.3d at 235.

cc: Hon. Susan Johnson, District Judge
Glen J. Lerner & Associates
Ales & Bryson
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A