NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID K. FAGIN, an individual on behalf of himself and derivatively on behalf of Nominal Defendant Western Title Exploration and Development Limited; et al., <br><br>       Plaintiffs - Appellants, <br><br> v. <br><br> DOBY GEORGE, LLC, a Nevada Limited Liability Company; et al., <br><br>       Defendants - Appellees. | No. 11-17126 <br><br> D.C. No. 3:08-cv-00314-ECR-RAM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted May 17, 2013[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, District Judge.[***]

Plaintiffs appeal the district court's order granting Defendants' motion for summary judgment as to Plaintiffs' claims of conspiracy and breach of fiduciary duty. We affirm.

The district court determined that the law of Yukon, Canada applied to Plaintiffs' derivative claims, brought as shareholders on behalf of Western Exploration and Development Limited ("WEX"), because WEX was incorporated under Yukon law. That decision was correct. *See* Restatement (Second) of Conflict of Laws § 309 (1971) (providing that the local law of the state of incorporation shall determine the liability of directors to the corporation and its shareholders); *see also Dictor v. Creative Mgmt. Servs., LLC.*, 223 P.3d 332, 335 (Nev. 2010) (noting that Nevada has adopted the Second Restatement as the relevant authority for its choice-of-law jurisprudence in tort cases).

Yukon law requires that a plaintiff seek certification with the Supreme Court of Yukon prior to commencing a derivative action on behalf of a corporation. Yukon Business Corporations Act, R.S.Y. 2002, c. 20, § 241 (Can.). Plaintiffs

---

[***] The Honorable Edward R. Korman, District Judge for the Eastern District of New York, sitting by designation.

2

sought no such certification. We therefore affirm the district court as to Plaintiffs' derivative claims.

The district court also granted summary judgment as to Plaintiffs' individual claims, because those claims were barred by the statute of limitations. Though typically a question of fact left to the jury, the date on which a plaintiff became aware of a fraud can be grounds for summary judgment when the facts are not "susceptible to opposing inferences." *Millspaugh v. Millspaugh*, 611 P.2d 201, 202 (Nev. 1980). The district court concluded that a jury could not reasonably find for Plaintiffs regarding the accrual date of their claims. We agree.

The record establishes that Plaintiffs were aware of the facts constituting the fraud in February 2000. Thus, Plaintiffs' claims are barred regardless of which statute of limitations we apply. Colo. Rev. Stat. § 13-80-101(1)(c) (2011); Nev. Rev. Stat. § 11.220 (2011); Limitation of Actions Act, R.S.Y. 2002, c. 139, § 2(1) (Can.). Accordingly, summary judgment was appropriate.

**AFFIRMED**.