An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DIRK KANCILIA,
Appellant,
vs.
CLAYMORE AND DIRK LIMITED
PARTNERSHIP, A NEVADA LIMITED
PARTNERSHIP; MARTHA ALBER, AN
INDIVIDUAL; LLOYD WINBURN, AN
INDIVIDUAL; MARY JENNIFER DE
LIMA, AN INDIVIDUAL; MARK
WINBURN, AN INDIVIDUAL; JORGE DE
LIMA, AN INDIVIDUAL; AND KRISTEN
A. STARIHA, AN INDIVIDUAL,
Respondents.

No. 61116

**FILED**

JUL 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court summary judgment in a tort action. Eighth Judicial District Court, Clark County; Sally Loehrer, Judge.

Appellant alleged that he was defrauded in connection with various financial transactions executed in 2000 and 2001 on behalf of a limited partnership that he formed and controlled. Appellant stated causes of action in 2008 for negligence, fraud, negligent misrepresentation, conversion, and breach of fiduciary duty. The district court granted summary judgment for respondents on the grounds that appellant's claims were barred by the statute of limitations and by laches.

This court reviews de novo a district court's summary judgment, without deference to the district court's findings. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper when the pleadings and other evidence present no genuine issue of material fact and the moving party is entitled to a

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24177

judgment as a matter of law, NRCP 56(c); *Wood*, 121 Nev. at 729, 121 P.3d at 1029, including when the statute of limitations bars a cause of action. *Clark v. Robison*, 113 Nev. 949, 950-51, 944 P.2d 788, 789 (1997).

Appellant argues on appeal that the statute of limitations was tolled until he discovered facts giving rise to the claims and that he did not discover such facts until 2005, when respondents allegedly ceased communicating with him. Nevada requires causes of action for breach of fiduciary duty, conversion, fraud, and negligent misrepresentation to be brought within three years, NRS 11.190(3)(c)-(d); *Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 799-800, 801 P.2d 1377, 1382 (1990), and causes of action for negligence to be brought within two years. NRS 11.190(4)(e). The causes of action for breach of fiduciary duty, fraud, and negligent misrepresentation are deemed to begin to accrue on the discovery of the facts constituting the breach or fraud. NRS 11.190(3)(d).

Here, the record demonstrates that appellant was aware of the facts giving rise to his causes of action by September 22, 2002, at the latest, as his e-mails to respondent Jennifer De Lima attest. Appellant's affidavit in support of his motion for summary judgment likewise asserts that he learned that respondents had made false representations to him regarding his accounts in 2002. Thus, the statute of limitations had run on appellant's causes of action by September 22, 2005, at the latest. *See Day v. Zubel*, 112 Nev. 972, 977, 922 P.2d 536, 539 (1996) (noting that determining the date when the statute of limitations began to run is a question of law if the facts are uncontroverted).

Appellant further argues that the statute of limitations was tolled for the period in which he exercised due diligence in investigating facts related to his suspected causes of action without actually knowing

the salient facts. Under the discovery rule, a cause accrues when the plaintiff knew the facts constituting the elements of that cause of action or reasonably should have known those facts through the exercise of due diligence in investigating. *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998). If uncontroverted evidence demonstrates that a plaintiff either discovered or should have discovered the facts giving rise to the cause of action, the cause may be dismissed on statute of limitations grounds. *Id.* Although appellant contends that he exercised due diligence in investigating the relevant facts between 2002 and 2005, his 2002 e-mails demonstrate that he already knew the facts giving rise to his causes of action, which thus accrued in 2002. Thus, we conclude that no questions of fact exist regarding the discovery rule so as to warrant reversal.[1]

Finally, appellant contends that laches does not warrant judgment for respondents because the delay provided respondents with additional time to destroy relevant documents and equity should favor his

---

[1]We need not consider appellant's argument that the statute of limitations was tolled as to appellant's children, who are not parties to this appeal. A proper person party may not represent other parties. *Salman v. Newell*, 110 Nev. 1333, 1336, 885 P.2d 607, 608 (1994). Appellant's guardianship for his children terminated when his children attained the age of majority, at which point his adult children must be substituted as parties on their own behalf. *Ricord v. Cent. Pac. R.R. Co.*, 15 Nev. 167, 175 (1880) (concluding that it was error when a minor was not substituted as a party for his guardian when he reached the age of majority at the time of trial); *cf.* 39 Am. Jur. 2d Guardian & Ward § 75 (2008) ("A guardianship for a minor terminates when the ward attains majority."). Thus, appellant may not appeal on behalf of his adult children, who did not file instruments on their own behalf to commence an appeal, despite having filed substitutions of counsel with the district court to represent their own interests in proper person.

causes of action as he was the victim of the purported fraudulent acts. We disagree. Laches is an equitable doctrine that applies when one party causes delay that prejudices the other party such that granting relief to the delaying party would be inequitable. *Bldg. & Constr. Trades Council v. Pub. Works Board*, 108 Nev. 605, 610-11, 836 P.2d 633, 636-37 (1992). In determining whether laches bars an action, we consider whether the plaintiff inexcusably delayed filing suit, and if yes, whether the plaintiff's inexcusable delay constitutes acquiescence to the condition challenged and whether the inexcusable delay prejudiced others. *Miller v. Burk*, 124 Nev. 579, 598, 188 P.3d 1112, 1125 (2008).

The appellate record in this case does not support a finding that appellant's delay in filing suit in 2008 after learning of the facts giving rise to his claim in 2002 was excusable. *See Carson City v. Price*, 113 Nev. 409, 412, 934 P.2d 1042, 1043 (1997) (noting that the applicability of laches depends on the facts of the case); *cf. Adair v. Hustace*, 640 P.2d 294, 300-03 (Haw. 1982) (declining to disturb a jury finding of laches when plaintiff unduly and unreasonably delayed bringing his claim after learning of the facts giving rise to his claim). As a result of this delay, respondents destroyed certain documents within the terms of their documentation retention policies that would not have been destroyed had appellant timely filed his suit, and thus, the delay prejudiced respondents by impairing their ability to present evidence supporting their positions that otherwise would have been available. *See Price*, 113 Nev. at 412, 934 P.2d at 1042 (noting that the court may apply laches when the condition of the party asserting laches has become so changed that it cannot be restored to its prior state). Thus, we conclude that applying the equitable doctrine of laches was appropriate. *See Bldg. &*

*Constr. Trades Council*, 108 Nev. at 610-11, 836 P.2d at 636-37. Therefore, appellant's arguments regarding laches do not warrant reversal.

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ Pickering _____, J.
Pickering

_____ _____, J.
Parraguirre

_____ _____, J.
Saitta

cc:  Chief Judge, The Eighth Judicial District Court
Hon. Sally Loehrer, Senior Judge
Dirk Kancilia
Larry D. Hankins
Larry C. Johns
Eighth District Court Clerk

---

[2]Having considered appellant's other arguments, we conclude that these arguments do not warrant reversal.