# IN THE SUPREME COURT OF THE STATE OF NEVADA

RANCHO BEL AIR PROPERTY
OWNERS ASSOCIATION, UNIT 2,
INC.,
Appellant,
vs.
JONATHAN FRIEDRICH,
INDIVIDUALLY AND AS TRUSTEE OF
THE JONATHAN FRIEDRICH
REVOCABLE TRUST,
Respondents.

No. 74816



FILED

NOV 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in a tort action. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

This is a case about a dispute over whether respondent Jonathan Friedrich had to pay periodic assessments to appellant Rancho Bel Air Property Owners Association, Unit 2, Inc. (HOA).

In 2003, Friedrich purchased a house in the Rancho Bel Air community in central Las Vegas. Legally, the community consists of 33 houses in Unit 1 and 88 houses in Unit 2. The recorded deed for Friedrich's property states that it is in "Unit 1." However, the CC&Rs he received at the closing on his purchase of the home were labeled on the front page as Unit 2 but contained an "Exhibit B" which stated, in small type as part of the legal description of the property, that Unit 1 was not a part of the HOA. Friedrich testified that at the time of the closing he did not understand that the requirements of the HOA or its assessments did not apply to him. He

19-47895

continued to pay the assessments imposed by the HOA for the next ten years.

The HOA Board members assert they too were not aware of the different status between the two units and only became aware in 2011 when a $3 door tax was established for associations by statute. After investigating, the HOA informed Unit 1 homeowners that they were not part of the Unit 2 association and requested they annex themselves to Unit 2. The letter also stated that the homeowners were clearly required by law to pay since they were receiving the same amenities as Unit 2 homeowners. As the HOA did not provide any legal authority for continuing the assessments, Friedrich declined to be annexed and ceased paying his assessments. The HOA sent Friedrich a letter threatening to foreclose on his home if he did not pay the assessments.

Friedrich filed this case in district court, bringing several different claims involving fraud and negligent misrepresentation by the HOA regarding his home being within the HOA and having an obligation to pay assessments to it. A jury trial was held and the jury found in favor of Friedrich on only one of his claims, negligent misrepresentation, which focused on the ongoing actions of the Board in imposing assessments on Friedrich after he purchased the property, including the period after they found out about the differences between the units. During closing arguments, Friedrich clearly explained to the jury that the negligent misrepresentation cause of action was based on the Board's ongoing actions.

The HOA filed a renewed motion for judgment under NRCP 50(b), arguing that the negligent misrepresentation claim was barred by the statute of limitations, which the district court denied. The HOA appeals from the final judgment.

## DISCUSSION

We review decisions concerning renewed motions for judgment as a matter of law under NRCP 50(b) de novo. *Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 425 (2007). A renewed motion for judgment as a matter of law, notwithstanding the verdict, can only be granted when the evidence is overwhelming for the moving party. *Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 362, 212 P.3d 1068, 1077 (2009).

The sole argument made by the HOA in this appeal is that Friedrich discovered the facts constituting the fraud or mistake when he purchased his property in 2003 and received the recorded deed and CC&Rs, and therefore the statute of limitations expired in 2006, long before the case was filed in 2014.[1] Friedrich claims that the facts constituting the fraud or mistake continued until he received a letter from the HOA in 2012 notifying him of the mistake. Friedrich further claims that constructive notice does not apply where there has been a false representation of fact.

The negligent misrepresentation claim in Friedrich's complaint addresses the HOA's ongoing assertions that Friedrich must pay assessments to the HOA even though he is specifically exempted from the HOA. The claim specifically relates to the Board members' actions from 2004 forward, where they continually told Friedrich that he had to pay the

---

[1]Importantly, the HOA does not address any other potential application of the statute of limitations, such as limiting how far back from the 2014 filing date Friedrich can go to recover damages, nor does it challenge the sufficiency of the evidence presented by Friedrich regarding the elements of the negligent misrepresentation claim. Accordingly, this order addresses only the argument raised by the HOA in this appeal. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

 


assessments even though they knew, or should have known, that he was not in the association, including by sending monthly assessment invoices to Friedrich, asserting that he owed money for those assessments. The HOA continued the assessments until it sent Friedrich the December 2012 letter informing him Unit 1 was not a part of the Unit 2 association. Even at that time, the letter also contained a representation that "[w]hile there [was] no formal written agreement in place to bind Unit 1 Owners to pay their portion of such costs; the law clearly require[d] them to do so." The HOA continued to bill Friedrich, and in November 2014 threatened to foreclose on the property for his failure to make payments thereafter.

The statute of limitations for an action on the grounds of fraud or mistake is three years, but the cause of action accrues from "discovery by the aggrieved party of the facts constituting the fraud or mistake." NRS 11.190(3)(d). A statute of limitations generally begins to run "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.* The HOA here seeks to turn this rule on its head by arguing that receipt of the CC&Rs at closing in 2003 triggered the statute of limitations for misrepresentations that had not yet occurred and assessments that had not yet been paid, i.e., before either the wrong or the injury had occurred. This court hereby rejects the invitation to adopt this novel rule. Therefore, we conclude that the district court did not err in

denying the motion for judgment as a matter of law in favor of the HOA on the basis of the alleged expiration of the statute of limitations in 2006.[2]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

cc:    Hon. William D. Kephart, District Judge
       Thomas J. Tanksley, Settlement Judge
       Robbins Law Firm
       Cooper Levenson, P.A.
       Eighth District Court Clerk

_____

[2]We note that the jury acknowledged partial fault by Friedrich in not learning he was not part of the HOA sooner by finding him 30% at fault on the negligent misrepresentation claim, and his jury award was reduced by the court accordingly.

STIGLICH, J., with whom, HARDESTY, J., agrees, dissenting:

This appeal involves determining when the statute of limitations began to run for a homeowner to challenge the payment of homeowners' association (HOA) assessments that were not actually owed. This subdivision's two groups, Units 1 and 2, are not part of the same HOA, though there was no visual or other apparent distinction between the homes in the different groups. Houses in Unit 2 are part of appellant Rancho Bel Air Property Owners Association, Unit 2, Inc. (Unit 2 HOA), and are subject to its conditions, covenants, and restrictions (CC&Rs). Houses in Rancho Bel Air Unit 1 (Unit 1) are not part of Unit 2 HOA or subject to its CC&Rs.[1]

Respondent Jonathan Friedrich's home is in Unit 1. When Friedrich purchased his home, the grant deed stated that it was located in Unit 1. Friedrich was given a copy of Unit 2 HOA's CC&Rs, however, and was told that his property was subject to the Unit 2 HOA assessment obligations. That document was labeled as pertaining to Unit 2, stated that it applied to parcels in Unit 2, and contained an exhibit stating that properties in Unit 1 were not subject to its restrictions. Friedrich nevertheless made the assessment payments owed by members of the Unit 2 HOA. Friedrich alleged that Unit 2 HOA negligently misrepresented that he owed assessment payments, asserting that this negligent misrepresentation was first made no later than 2004—after Friedrich purchased the house—and continuing thereafter.

---

[1]It appears that Unit 1's declaration of covenants expired in 1995 by its own terms and that no successor instrument was executed.

Based on the CC&Rs and the deed, Friedrich had notice that he was not obligated to pay assessments to Unit 2 HOA. Where the CC&Rs indicated that its terms did not apply to parcels in Unit 1 and the deed indicated that Friedrich's parcel was in Unit 1, Friedrich had actual notice of the scope of the Unit 2 HOA CC&Rs' application. *See Resolution Tr. Corp. v. Ford Mall Assocs., Ltd. P'ship*, 30 F.3d 93, 96 (8th Cir. 1994) (concluding that plaintiff had actual notice where plaintiff signed instruments that specifically referenced the relevant matter). And as these documents were publicly recorded, Friedrich also had constructive notice. *See Cmty. Cause v. Boatwright*, 177 Cal. Rptr. 657, 665 (Ct. App. 1981) (concluding that available public records commence the limitation period); *Herring v. Offutt*, 295 A.2d 876, 881 (Md. 1972) (noting "the general rule that the running of the Statute of Limitations will not be postponed if the defrauded person may discover the fraud from the public records," unless a fiduciary relationship is present); *cf. Bemis v. Estate of Bemis*, 114 Nev. 1021, 1026 n.2, 967 P.2d 437, 441 n.2 (1998) (recognizing "the well-known principle that the public recording of real estate deeds constitutes constructive notice of the transaction").

Because Friedrich reasonably should have known the facts supporting his cause of action when Unit 2 HOA first negligently misrepresented in 2004 that Friedrich owed HOA assessments that he did not, the limitations period began to run in 2004 and should not have been tolled by the discovery rule until the sending of the 2012 letter. *See Siragusa v. Brown*, 114 Nev. 1384, 1392, 971 P.2d 801, 806-07 (1998) (describing the discovery rule); *see also Shepard v. Holmes*, 345 P.3d 786, 790 (Wash. Ct. App. 2014) ("[T]he defrauded party cannot be heard to say that he has not discovered the facts showing the fraud within the limit of

the statute if the facts should have been discovered prior to that time by anyone exercising a reasonable amount of diligence." (alteration in original) (internal quotation marks omitted)). As the limitations period for a negligent misrepresentation claim is three years, *see* NRS 11.190(3)(d); *Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 799-800, 801 P.2d 1377, 1382 (1990) (providing that the statute of limitation commences to run when the claimant knew or reasonably should have known of the facts underpinning the claim), I would conclude that the statute of limitations barred Friedrich's claim for negligent misrepresentation. Therefore, I respectfully dissent.

_____, J.
Stiglich

I concur:

_____, J.
Hardesty