# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL F. FINE; AND GAYE FINE,
Appellants,
vs.
JAMES R. FINE,
Respondent.

No. 78402

FILED

JUL 0 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in a breach of contract action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Respondent purchased a house for appellants. He executed a quitclaim deed conveying the house to them after an oral agreement that the deed would not be recorded until appellants paid him. They recorded the deed in 2007, but respondent did not discover they had done so until 2017. After that discovery, respondent suffered a heart attack and his heart stopped beating while he was in the hospital. Shortly thereafter, he informed his friend and his daughter that he believed he was going to die, and he made certain statements to them regarding the oral agreement and executed a declaration. The district court admitted the declaration and those statements as dying declarations and ultimately awarded respondent $154,359.63.

On appeal, appellants argue that the statute of limitations precluded respondent's breach of contract action.[1]    NRS 11.190(2)(c)

---

[1]To the extent appellants also argue the statute of frauds barred the breach of contract action because the contract could not be fulfilled within one year, this argument lacks merit as under their theory of the case they paid respondent back within one year, and therefore, fulfilled the agreement in less than one year. Further, the district court did not err in finding that by signing the joint case conference report, in which both

requires an action involving an oral contract to be brought within four years. "[A]n action for breach of contract accrues as soon as the plaintiff knows or should know of facts constituting a breach." *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (emphasis omitted). Respondent did not learn that appellants had breached the oral agreement until 2017, the same year he filed the underlying action. Further, while respondent could have conducted a title search when appellants refused to pay him, it was not unreasonable for him not to do so as he believed he still owned the house. *Id.* (explaining that whether a plaintiff exercised due diligence in discovering a breach is a question of fact for the trial court and dismissal would only be appropriate if there is "uncontroverted evidence irrefutably demonstrat[ing] plaintiff discovered or should have discovered the facts giving rise to the cause of action" (internal quotations omitted)).

Appellants also contend the district court abused its discretion in admitting respondent's declaration and statements to his daughter and friend as dying declarations. The evidence in the record demonstrates that respondent told his daughter and his friend independently that he believed he was going to die and they both testified that he was of a clear mind. *See* NRS 51.335 ("A statement made by a declarant while believing that his or her death was imminent is not inadmissible under the hearsay rule if the declarant is unavailable as a witness."). NRS 51.335 does not require the declarant to die immediately after making the statements.[2] Thus, the

_____

parties agreed they had an oral agreement, appellants could not assert an argument that no agreement existed.

[2]We acknowledge respondent lived for more than twenty days after making the dying declarations. However, at the time the declarations were made, respondent believed he was dying. While the dissent focuses on respondent's statements made two days before his death about future plans,

SUPREME COURT
OF
NEVADA

(O) 1947A

district court did not abuse its discretion by admitting this evidence. *See M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (explaining that the "district court's decision to admit or exclude evidence [is reviewed] for abuse of discretion," and it will not be disturbed "absent a showing of palpable abuse").

Lastly, appellants contend the district court erred in concluding that the statute of frauds did not apply because they had reaffirmed the oral agreement through the Joint Case Conference Report (JCCR). However, appellants misconstrue the record. Their agreement to the JCCR, which stated the parties had an agreement, waived their ability to assert that a valid agreement did not exist between them and respondent.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.
Silver

---

those statements occurred two weeks after the statements at issue and when respondent thought he was getting better.

[3]Additionally, we note that under appellants' timeline of events, the statute of frauds would not be applicable as the agreement was fulfilled in less than one year. Appellants assert the agreement commenced on July 24, 2006, when the quitclaim deed was executed, and they considered the contract fulfilled on March 22, 2007, less than a year later, when they recorded the quitclaim deed.

[4]To the extent appellants' additional arguments are not addressed in this order, we conclude they do not warrant reversal.

cc:     Hon. Richard Scotti, District Judge
        Lansford W. Levitt, Settlement Judge
        McDonald Law Group
        Neil J. Beller, Ltd.
        Eighth District Court Clerk

STIGLICH, J., dissenting:

The majority disregards the district court's numerous errors. For this reason, I respectfully dissent.[1]

*The district court made no findings on the statute of limitations*

I conclude that the district court erred by not making any findings on the statute of limitations, despite asking for briefing on this issue. Appellants argued in district court that James' complaint was barred by the statute of limitations because it was filed over four years after appellants recorded the quitclaim deed in 2007. The majority mistakenly resolved the statute of limitations issue without the district court having made any meaningful findings. The record presented several facts that may have placed James on notice, and the district court should have resolved that factual matter. This case should have been remanded for additional findings prior to this court's determination.

Alternatively, I conclude that in light of NRS 111.320, which provides that a recorded document must give "notice to all persons of the contents," James had notice in 2007 that appellants recorded the quitclaim

---

[1]Preliminarily, James Fine is incorrectly listed as plaintiff below and as respondent on appeal. James died before the district court's judgment. Lisa Fine-Fox moved to replace James as his successor, and the district court assented. As the parties do not contest the issue, the court need not resolve whether Lisa, rather than the estate, is the appropriate party. Nevertheless, the district court judgment is captioned incorrectly. Additionally, litigants before this court should notice their appeals properly, using accurate party names. It is inappropriate for this court to resolve this appeal until James is removed as respondent. *See* NRAP 43.

deed without paying him. The four year statute of limitations for an oral contract therefore ran. *See* NRS 11.190(2)(c) (mandating that an action involving an oral contract be brought within four years); *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) ("[A]n action for breach of contract accrues as soon as the plaintiff knows or should know of facts constituting a breach." (emphasis omitted)).

*James' out of court statements were inadmissible hearsay*

I conclude that the district court clearly abused its discretion in admitting James' declaration and statements as dying declarations. James did not believe that his death was imminent. The record indicates that, while James was in the hospital, he stated to his friends that he wanted to make future plans with them and thought he was getting better. *See* NRS 51.335 (dying declaration exception to the hearsay rule); *Bishop v.* State, 92 Nev. 510, 518, 554 P.2d 266, 271 (1976) (reasoning that the best evidence that a declarant believed his death was imminent is his own statements saying so). The majority's reliance on Lisa's and William Brown's testimony is inappropriately selective—it ignores the greater context of James' hospitalization that indicates that James did not believe his death was imminent. *See Shuman v. State*, 94 Nev. 265, 269, 578 P.2d 1183, 1185-86 (1978) (providing that the court looks to the circumstances of each case to determine whether the declarant believed that his death was imminent).

Moreover, while the district court relied on James' statements to find that appellants breached the oral agreement, it had found such statements to be unreliable in light of appellants having already paid James $40,000. The district court found that James "was dis-oriented and on medication" while making his statements. The majority fails to address this

inconsistency. I agree with the district court that James' statements were unreliable. They are therefore inadmissible hearsay. *See* NRS 51.035.

*The statute of frauds defense should not have been dismissed*

The district court erred in concluding that the statute of frauds did not apply because James and appellants reaffirmed the existence of the oral agreement in their joint case conference report (JCCR). First, appellants' statute of frauds defense applied to the complaint when it was filed, before the parties produced the JCCR. *See* NRCP 8(c)(1)(Q). At that time, there was no written reaffirmation of the oral agreement. Second, appellants' acknowledgement of the oral agreement in the JCCR section that briefly described "the nature of the action and each claim for relief" does not equate to appellants' admission of the agreement such to undermine their own statute of frauds defense. The majority should have addressed this error, and reversed and remanded for the district court to properly evaluate the statute of frauds issue.

Respectfully, I dissent.

_____, J.
Stiglich