NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Option One Mortgage Loan Trust 2007-06, Asset-Backed Certificates, Series 2007-06,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>LEACH JOHNSON SONG & GRUCHOW, LTD.; SEVEN HILLS MASTER COMMUNITY ASSOCIATION,<br><br>             Defendants-Appellees. | No.   19-15539<br><br>D.C. No.<br>2:18-cv-00723-JCM-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 9, 2020[**]
Seattle, Washington

Before: HAWKINS, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Wells Fargo Bank, N.A. ("Wells Fargo") appeals the district court's dismissal of its complaint against Leach Johnson Song & Gruchow, Ltd. and Seven Hills Master Community Association (the "HOA") as time barred. We review de novo dismissals based on statutes of limitations, *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004), and we affirm.

The HOA foreclosed its assessment lien on a residence in Henderson, Nevada ("the property") in April 2012, and pursuant to the superpriority of a portion of the HOA lien as established by N.R.S. Chapter 116, the foreclosure extinguished Wells Fargo's lien on the property. *See generally SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (2014). Wells Fargo filed this action against the HOA in April 2018, slightly over six years from the date of the foreclosure sale.

The district court correctly concluded that the statute of limitations began to run with the foreclosure sale in 2012. Under Nevada law, a cause of action generally accrues when the wrong occurs or when the wronged party discovers or reasonably should have discovered the facts giving rise to the cause of action. *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (1998). The complaint alleges the HOA acted negligently or wrongfully in its conduct of the foreclosure sale (including the manner and content of its pre-sale notices) or that it breached its agreement in the restrictive covenants by holding one at all. The HOA's actions that gave rise to the complaint

2

thus occurred no later than the date of the foreclosure sale on April 5, 2012. We agree with the numerous Nevada district courts that have reached the same conclusion. *See, e.g.*, *Bank of New York Mellon v. Cascade Homeowner's Ass'n Inc.*, 2017 WL 3260598, at *4 (D. Nev. July 31, 2017); *Bank of Am., N.A. v. Desert Canyon Homeowners Ass'n*, 2017 WL 4932912, at *2 (D. Nev. Oct. 31, 2017); *Bank of New York Mellon v. S. Terrace Homeowners Ass'n*, 2017 WL 3013254, at *2 (D. Nev. July 14, 2017); *U.S. Bank v. Woodland Village*, 2016 WL 7116016, at *2–3 (D. Nev. Dec. 6, 2016); *Nationstar Mortgage LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *5–6 (D. Nev. March 31, 2016).[1]

As no claim had a statute of limitations longer than six years, absent tolling, all of Wells Fargo's claims would be time barred. However, the statute of limitations should have been tolled during the ten months Wells Fargo and the HOA were engaged in the mediation process required by N.R.S. § 38.310. *See* N.R.S. § 38.350

---

[1] Wells Fargo argues that it was not aware that it had been injured by the foreclosure sale until the Nevada Supreme Court's decision in the *SFR* case in 2014. However, the Nevada Supreme Court has specifically ruled that the *SFR* opinion "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception." *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017); *see also S. Terrace Homeowners Ass'n*, 2017 WL 3013254, at *3 ("The Nevada Supreme Court's ruling did not cause the injury. Whether the deed of trust was extinguished or not, any injury would have occurred on the date of sale."). Wells Fargo's arguments for a 2018 date to trigger the statute are similarly unavailing, as it knew or should have known of the HOA's alleged wrongs well before this date, which was not even the "final" judgment in its state court quiet title action.

("Any statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation or arbitration . . . until the conclusion of mediation or arbitration of the claim and the period for vacating the award has expired."). The majority of Wells Fargo's claims would still be untimely, but tolling would make its breach of contract claims, which are subject to a six-year statute of limitations, still viable.

Nonetheless, we may affirm on any ground supported by the record. *ASARCO, LLC v. Union Pacific RR. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Wells Fargo's breach of contract claim is premised on the HOA's violation of Section 7.2 of the restrictive covenants on the property. Even assuming the restrictive covenants are a contract and that Wells Fargo is an intended beneficiary of that contract, these provisions are invalid under Nevada law to the extent they are inconsistent with N.R.S. Chapter 116 and would preclude foreclosure of the superpriority lien. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 418–19 (2014). In the state court quiet title action involving this property, the Nevada Supreme Court specifically rejected Wells Fargo's attempts to distinguish *SFR*. *Wells Fargo Bank v. Gabriel*, 2019 WL 6119271, at *1 (Nev. Nov. 15, 2019) ("[W]e are not persuaded that an HOA's 'promise' to never exercise its superpriority lien rights can be logically distinguished from a 'waiver' of those rights that is prohibited by NRS 116.1104."). Since the relevant provisions of the restrictive covenants are

unenforceable under Nevada law, we alternatively affirm the dismissal of Wells Fargo's breach of contract claims for failure to state a claim.

**AFFIRMED.**