**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



J . B. PAINTING AND
WATERPROOFING, INC., a Florida
corporation,

          Plaintiff - Appellant,

v.

RGB HOLDINGS, LLC, a Delaware
limited liability company, D/B/A J.
Racenstein Company, Bio-Clean Products,
Robert Harborth, and Jerry Davalle

          Defendants - Appellees.

No. 13-56235

D.C. No. 2:12-cv-06084-R-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 21, 2015
Pasadena, California

Before: TROTT, KLEINFELD, and CALLAHAN, Circuit Judges.

    This action arises out of JB Painting and Waterproofing, Inc.'s (JBP)

application of a surface-cleaning product called Bio-Clean to the windows of a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

seventeen-story building in Orlando, Florida in 2008, which allegedly scratched the windows, requiring JBP to remediate the damage at considerable expense. On July 13, 2012, JBP filed suit against RGB Holdings, LLC d/b/a J. Racenstein Co., Bio-Clean Products, Robert Harborth, and Jerry Davalle (collectively, RGB), alleging twelve causes of action under California, Florida, and federal law for breach of warranty, breach of contract, negligence, strict liability, fraud, and indemnity.[1] Pursuant to Rule 12(b)(6), the district court dismissed with prejudice the state causes of action (claims 3–12), finding them untimely, insufficiently plead, and/or premature. The district court later granted RGB's Rule 12(c) motion for judgment on the pleadings on the federal claims (claims 1–2), finding those claims untimely. The district court also denied JBP's motion for leave to file a Second Amended Complaint. We affirm in part, reverse in part, and remand with instructions to allow JBP an opportunity to file an amended complaint.

---

[1] JBP's First Amended Complaint alleged claims for: (1) breach of implied warranty under the Magnuson-Moss Warranty Act; (2) breach of express warranty under the Magnuson-Moss Warranty Act; (3) implied warranty of merchantability under Florida and California law; (4) implied warranty of fitness for a particular purpose under Florida and California law; (5) breach of express warranty by affirmation, promise, description, sample under Florida and California law; (6) strict liability; (7) negligence, negligent design, negligent failure to warn of defects; (8) breach of implied warranty (common law); (9) fraud and misrepresentation; (10) Deceptive and Unfair Trade Practices Act, Florida Statute § 501.211; (11) breach of contract; and (12) common law indemnity.

1.      JBP contends that the district court erred in applying California's statutes of limitations to several of JBP's state law claims instead of Florida law. We review de novo, *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 (9th Cir. 1987), and apply the forum state California's "governmental interest" approach to the conflict-of-law issue, *see Deutsch v. Turner Corp.*, 324 F.3d 692, 716 (9th Cir. 2003).  A true conflict of law exists in this case as to JBP's strict liability, negligence, and fraud/misrepresentation claims (claims 6, 7, 9) because, as JBP concedes, California's three-year statute of limitations would bar these claims while Florida's four-year statute of limitations may not.  *See* Cal. Civ. Proc. Code § 338; *see also Deutsch*, 324 F.3d at 716–17.  California has a more substantial interest than Florida in the application of its shorter limitations period to protect the California defendants from stale claims.  *See id*.  Therefore, the district court did not err in applying California law.

It follows that the district court properly dismissed claims 6, 7, and 9 as barred by the applicable three-year statute of limitations.  *See* Cal. Civ. Proc. Code § 338.  JBP concedes that these claims are untimely under California law even if the claims did not accrue until JBP discovered the scratches.

2.      A four-year limitations period applies to JBP's remaining claims for breach of warranty, breach of contract, and indemnity.  *See* Cal. Com. Code §

2725(1)–(2); *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1300–06 (Ct. App. 2009); *see also Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1140 (9th Cir. 2000) ("Because there is no specifically stated or otherwise relevant federal statute of limitations . . . we must utilize the most analogous state statute of limitations.").

The parties dispute whether the warranty and contract claims accrued upon delivery of Bio-Clean or upon JBP's discovery of the scratched windows. Under California Commercial Code § 2725(2) and federal common law, an accrual-upon-delivery rule presumptively applies to JBP's warranty and contract claims. Cal. Com. Code § 2725(2); U.C.C. § 2-725; *see O'Neill v. United States*, 50 F.3d 677, 684 (9th Cir. 1995) ("The Uniform Commercial Code is a source of federal common law." ); *c.f. W. Recreational Vehicles, Inc. v. Swift Adhesives, Inc., a Div. of Reichhold Chems., Inc.*, 23 F.3d 1547, 1559–53 (9th Cir. 1994) (addressing a similar Washington law). While California Commercial Code § 2725(2)'s plain language makes it applicable only to warranty claims, the provision has been interpreted to also apply to "a breach of contract claim based solely on a breach of warranty." *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 134–35 (Ct. App. 2008). Claim 11 is such a breach of contract claim. A future-performance exception, under which "the cause of action accrues when the breach is or should have been discovered," Cal. Com. Code §

2725(2), applies only if: (1) the warranty explicitly extends to future performance of the goods; and (2) the breach could not have been discovered before performance. *See Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 218 (Ct. App. 1991). Courts strictly construe these prerequisites for the future-performance exception. *See, e.g.*, *Carrau v. Marvin Lumber & Cedar Co.*, 93 Cal. App. 4th 281, 291 (Ct. App. 2001).

The future-performance exception does not apply to JBP's implied warranty claims because implied warranties do not explicitly extend to future performance. *Cardinal Health 301*, 169 Cal. App. 4th at 135; *MacDonald*, 37 F. Supp. 3d at 1100. Because JBP has not alleged in either its First Amended Complaint or its proposed Second Amended Complaint that RGB's warranties explicitly extended to future performance of Bio-Clean for a defined period of time, the future-performance exception does not apply to JBP's express warranty claims either. *See Carrau*, 93 Cal. App. 4th at 292; *Cardinal Health 301*, 169 Cal. App. 4th at 131. Although the accrual-upon-delivery rule applies, it is subject to the doctrine of continuous accrual, under which each delivery of Bio-Clean in a series of orders placed by JBP triggers its own limitations period. *See Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1071 (S.D. Cal. 2015); *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1192, 1198 (2013).

5

Applying these rules, we hold that JBP's warranty and contract claims are timely to the extent that they relate to Bio-Clean orders that were delivered on or after July 13, 2008, which is four years before JBP filed suit on July 13, 2012. We therefore affirm the district court's dismissal of JBP's warranty and contract claims involving JBP's first order of Bio-Clean, which JBP concedes was delivered during June of 2008. We reverse the district court's dismissal of JBP's warranty and contract claims based on subsequent orders of Bio-Clean, as it is disputed and unclear when these orders were delivered.

3.    We affirm the district court's dismissal of claim 10, which asserts a violation of Florida Statute § 501.211, because JBP waived this claim by not addressing it on appeal. *See, e.g.*, *Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487–88 (9th Cir. 2010).

4.    The district court also found that JBP failed to plead a contract claim (claim 11). However, JBP does plead a contract claim by alleging each element of such a claim: "(1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *See Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (Ct. App. 2009). We note that whether a contract was formed that included a promise that Bio-Clean was safe for windows is a disputed question of fact not fit for resolution in a motion to dismiss.

6

5.      We affirm the district court's dismissal of JBP's indemnity claim (claim 12) because JBP has not alleged that it remediated the window scratches pursuant to a legal judgment or settlement. Under California law, "[t]he cause of action for equitable indemnity accrues when the indemnitee suffers a loss through payment of an adverse judgment or settlement." *Sullins v. Exxon/Mobil Corp.*, 729 F. Supp. 2d 1129, 1139 (N.D. Cal. 2010) (citing *W. Steamship Lines, Inc. v. San Pedro Peninsula Hosp.*, 8 Cal. 4th 100, 110 (1994), *as modified on denial of reh'g* (Sept. 22, 1994)); *see also City of San Diego v. U.S. Gypsum Co.*, 30 Cal. App. 4th 575, 587 (Ct. App. 1994).

6.      Although, we affirm the district court's dismissal of several of JBP's claims as set forth above, we find that the district court abused its discretion in dismissing those claims with prejudice and denying JBP's motion for leave to amend. Where a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Given that JBP may be able to allege facts supporting its indemnity claim and the timeliness of some of its contract and warranty claims, dismissal should have been without prejudice.

The district court cited three reasons for denying JBP's motion to amend: (1) undue delay; (2) futility; and (3) failure to meet and confer. The delay justification fails because JBP waited less than three months from the district court's dismissal with prejudice before filing the motion to amend and RGB has not alleged any prejudice from this less-than-excessive delay. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The futility justification fails because, as explained above, the district court erred in finding that any amended Magnunson-Moss Warranty Act claims would be untimely, and because JBP's allegations suffice at this stage to demonstrate that Bio-Clean is a consumer product within the meaning of the Act. *See* 15 U.S.C. § 2301(1); 16 C.F.R. § 700.1(a). Finally, the "district court's reliance on [JBP's] failure to meet and confer falls outside the supportable bases for denying a motion to amend." *Hall v. Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012). Accordingly, the district court abused its discretion in denying leave to amend.

7. In sum, we affirm in part and reverse in part the district court's dismissal of JBP's warranty and contract claims (claims 1–5, 8, and 11) on statute of limitations grounds. We find that a four-year limitations period applies to these claims, which accrued upon delivery of Bio-Clean. Under the doctrine of continuous accrual, these claims are timely to the extent that they challenge

8

deliveries of Bio-Clean tendered on or after July 13, 2008.  We affirm the district court's dismissal of JBP's strict liability, negligence, and fraud claims (claims 6, 7, and 9) as time-barred.  We find that JBP has abandoned claim 10, which alleges a violation of Florida Statute § 501.211.  We affirm dismissal of JBP's indemnity claim (claim 12) because JBP has not alleged that it remediated the damaged windows pursuant to a formal judgment or settlement.  We reverse the district court's dismissal with prejudice and denial of leave to amend, and remand with instructions that JBP shall be given leave to amend its complaint consistent with this decision.

The parties shall bear their own costs on appeal.

**AFFIRMED, REVERSED, REMANDED.**