141 Nev., Advance Opinion 12

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GOLDEN GATE/S.E.T. RETAIL OF
NEVADA, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant,
vs.
MODERN WELDING COMPANY OF
CALIFORNIA, INC.,
Respondent.

No. 86971

**FILED**

MAR 06 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting summary judgment and a post-judgment order awarding attorney fees in a commercial transaction dispute. Second Judicial District Court, Washoe County; Lynne K. Jones, Judge.

*Affirmed.*

Dickinson Wright PLLC and Justin J. Bustos and Brooks T. Westergard, Reno,
for Appellant.

Parsons Behle & Latimer and Sarah Ferguson and Ethan Foster, Reno,
for Respondent.

BEFORE THE SUPREME COURT, HERNDON, C.J., and BELL and LEE, JJ.

*OPINION*

By the Court, HERNDON, C.J.:

This appeal arises from an alleged violation of the implied warranty of merchantability after the sale of a commercial gasoline storage tank over 15 years ago. Appellant Golden Gate/S.E.T. Retail of Nevada, LLC, claims that the district court erred in concluding that Golden Gate's claim was time-barred and, therefore, in granting summary judgment in favor of the manufacturer, respondent Modern Welding Company of California, Inc.

In this opinion, we consider whether a claim for breach of implied warranty under the Nevada Uniform Commercial Code (UCC)[1] is subject to discovery tolling. We hold that discovery tolling does not apply to a breach of implied warranty claim under the UCC. Accordingly, we affirm the judgment of the district court.

## FACTS AND PROCEDURAL HISTORY

In 2008, Golden Gate ordered an underground storage tank manufactured by Modern for use at its newly built gas station. Modern provided a one-year express warranty on the tank that covered manufacturing defects, disclaimed any implied warranties, and limited its liability in the event of a breach to repairing, replacing, or refunding the price of the tank—roughly $20,000.

In 2016, Golden Gate discovered a crack in the tank that rendered it unusable. Golden Gate attempted to cover the cost of replacement by submitting a claim to its insurer and subsequently contacting Modern about the express warranty. Golden Gate's insurer

---

[1]The original articles of the UCC are codified in NRS Chapter 104.



rejected the claim, and Modern refused to replace the tank, arguing that the express warranty had expired. Golden Gate sued its insurer, two subcontractors who installed the tank and built the gas station, and Modern. Golden Gate alleged various causes of action against each defendant. As to Modern, Golden Gate initially claimed negligence and breach of express warranty. Golden Gate thereafter filed first and second amended complaints, neither of which altered the negligence and express warranty claims against Modern. On July 3, 2019, Modern served its first offer of judgment for $30,000. On July 9, 2019, Golden Gate filed the operative third amended complaint, which dropped the negligence claim and added, for the first time, a claim for breach of implied warranty against Modern to accompany the breach of express warranty claim. Golden Gate did not otherwise respond to the first offer of judgment.

Modern moved for summary judgment on all claims against it. Before that motion was decided, Modern made a second offer of judgment, this time for $55,000. Golden Gate again did not respond to the offer. The district court granted summary judgment for Modern on both warranty claims, finding that the express warranty limited the scope and duration of the implied warranty. The district court found that both warranty claims were time-barred because the express warranty expired in 2009 and the UCC's four-year statute of limitations to sue on that warranty ran in 2013. Modern moved for an award of attorney fees and costs against Golden Gate pursuant to NRCP 68(f). The district court granted the motion, awarding Modern $164,246.20 in attorney fees and $28,274 in costs. This appeal followed.

(O) 1947A

## DISCUSSION

Golden Gate argues that the district court erred in granting summary judgment in favor of Modern. We review a district court's decision to grant summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence in the record demonstrate that no genuine issue of material fact exists "and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). All evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* The nonmoving party must present specific facts demonstrating a genuine factual issue. *See id.* at 731, 121 P.3d at 1030-31; NRCP 56(e).

*The breach of implied warranty claim is time-barred*

Golden Gate asserts that the district court erred in granting summary judgment on its breach of implied warranty claim because the discovery rule should have tolled the statute of limitations until the breach (the crack in the tank) was discovered. It asks us to apply the discovery rule to UCC claims for breach of implied warranty for the first time in Nevada law. We decline the invitation for the reasons below.

The discovery rule tolls the statute of limitations on a cause of action until the plaintiff knows or reasonably should know of the facts underlying the claim. *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). We have applied the discovery rule to contract actions when the operative statute of limitations "is silent as to when such a cause of action accrues." *Bemis v. Est. of Bemis*, 114 Nev. 1021, 1025 & n.1, 967 P.2d 437, 440 & n.1 (1998). Although *Bemis* supports the proposition that the discovery rule may be applied to *some* contract actions, we conclude that it would be inappropriate to apply the rule to claims of breach of an implied warranty under NRS 104.2725(2).

Specifically, that statute, which governs limitations periods for UCC breach of sale contract actions, reads:

> A cause of action accrues *when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.* A breach of warranty occurs when tender of delivery is made, except that where a warranty *explicitly extends to future performance of the goods* and *discovery of the breach must await the time of such performance* the cause of action accrues when the breach is or should have been discovered.

NRS 104.2725(2) (emphases added). Clearly, this provision is not silent as to when the cause of action accrues. *Cf. Bemis*, 114 Nev. at 1025, 967 P.2d at 440. Rather, it specifies that a cause of action for breach of warranty accrues on tender of delivery of the goods. This distinguishes it from the statutory causes of action where we have applied the discovery rule in the past, which did not speak to the time of accrual, as in *Bemis*. Therefore, *Bemis* does not command the discovery rule's application here. Were we to apply it here, we would be extending the discovery rule to a new context. Two reasons caution against such an extension.

First, applying the discovery rule to NRS 104.2725(2) would contradict the statutory language. *Cf. Young v. Nev. Gaming Control Bd.*, 136 Nev. 584, 586, 473 P.3d 1034, 1036 (2020) ("[W]e will interpret a statute or regulation by its plain meaning unless the statute or regulation is ambiguous, the plain meaning would provide an absurd result, or the interpretation clearly was not intended." (citations and internal quotation marks omitted)). The first sentence of NRS 104.2725(2) states that a cause of action for breach of warranty "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." The plain meaning is that knowledge of a breach has no bearing on when the cause of action accrues. The discovery rule, on the other hand, relies on the rationale



"that plaintiffs should not be foreclosed from judicial remedies before they know that they have been injured." *Petersen*, 106 Nev. at 274, 792 P.2d at 20. The plaintiff's knowledge of the injury is at the heart of the discovery rule, whereas NRS 104.2725(2) specifically instructs that the plaintiff's knowledge of a breach does not affect when the cause of action for the breach accrues. Applying the discovery rule, which hinges on the buyer's lack of knowledge, would therefore be directly contrary to the plain meaning of the statute, and we will not endorse such a result.

Second, the UCC already provides its own discovery rule for breach of warranty claims, and this rule is broadly construed to exclude implied warranty claims. The UCC applies the discovery rule to breach of warranty actions when a warranty "explicitly extends to future performance." NRS 104.2725(2). Because the UCC discovery rule requires an *explicit* promise of future performance, and *implied* warranties inherently cannot explicitly promise anything, other state courts have generally held that implied warranties are outside the scope of the future performance exception. *See, e.g., Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 87 Cal. Rptr. 3d 5, 19-20 (Ct. App. 2008) (recognizing that implied warranties do not fall within the future performance exception and collecting cases from other states); *see also* Larry T. Garvin, *Uncertainty and Error in the Law of Sales: The Article Two Statute of Limitations*, 83 B.U. L. Rev. 345, 356 & n.38 (2003) (observing that "[a]lmost invariably courts have held that implied warranties cannot by definition explicitly do anything, so they cannot fall within the Code's discovery exception").

Federal courts have also generally concluded that claims for breach of implied warranty under the UCC should not be subject to discovery tolling, as they are excluded from the future performance

(O) 1947A

exception. *See, e.g., J.B. Painting & Waterproofing, Inc. v. RGB Holdings, LLC*, 650 Fed. Appx. 450, 453 (9th Cir. 2016) ("The future-performance exception does not apply to [the] implied warranty claims because implied warranties do not explicitly extend to future performance."); *Highway Sales, Inc. v. Blue Bird Corp.*, 559 F.3d 782, 788-89 (8th Cir. 2009) (same); *Standard All. Indus., Inc. v. Black Clawson Co.*, 587 F.2d 813, 820 (6th Cir. 1978) (same).[2] Thus, the consensus view supports our conclusion that the discovery rule does not apply to claims of breach of an implied warranty under NRS 104.2725(2). Applying this reasoning demonstrates that Golden Gate's breach of implied warranty claim was untimely.

By statute, the implied warranty claim accrued on delivery of the tank on March 26, 2008. NRS 104.2725(1) imposes a four-year statute of limitations to bring any breach of warranty claim, whether express or implied. Therefore, the four-year statute of limitations expired on March 26, 2012. But Golden Gate did not allege breach of implied warranty until July 9, 2019, well after the statute of limitations ran. Thus, we

---

[2]The lone federal court to apply the discovery rule to an implied warranty case did so where there was also an explicit waiver that triggered the future performance exception, rather than applying the discovery rule directly to the implied warranty claim. *See Zuehlsdorf v. FCA U.S. LLC*, No. 22-55270, 2023 WL 385175, at *2 (9th Cir. Jan. 25, 2023). Golden Gate also cites to several state and federal cases from California that have applied discovery tolling to express warranty claims. However, those cases relied on the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 (West 1973)), a California law that modifies discovery tolling for consumer goods purchases. Nevada has not enacted such a statute, and consumer goods are not at issue in this appeal, so those cases are inapplicable here.

conclude that the breach of implied warranty claim was time-barred, and the district court properly granted summary judgment in favor of Modern.[3]

*The district court did not abuse its discretion in awarding attorney fees*

Golden Gate argues that the district court erred in awarding attorney fees. Golden Gate claims that (1) Modern's offer of judgment was invalid because Golden Gate amended its complaint to add claims after Modern made its offer, and (2) the district court erred in its application of the relevant factors in *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) (outlining factors to consider for the purposes of NRCP 68). Specifically, Golden Gate argues that when the *Beattie* factors are evenly split, no award should issue, and that the district court misapplied the reasonable timing factor. We review an award of attorney fees for abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014). Such an award will be upheld if substantial evidence supports the award. *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015). If an award of attorney fees depends on a question of statutory interpretation, the district court's decision is reviewed de novo. *Id.* at 264, 350 P.3d at 1141.

Under NRCP 68(f)(1)(B), a party that rejects a settlement offer and fails to obtain a more favorable judgment must cover the offeror's expenses incurred after the offer, including reasonable attorney fees. An offer may be served at any point more than 21 days before trial, and the offer is considered an offer to resolve all claims in the action to date unless otherwise specified. NRCP 68(a). The penalties for rejecting an offer run

---

[3]Because we find that the implied warranty claim was time-barred, we need not consider Golden Gate's assertion that the district court erred in concluding that the express warranty limited the scope and duration of the implied warranty.

from the date of service of the earliest offer that the offeree rejected and then failed to obtain a more favorable judgment on. NRCP 68(f)(1)-(2).

In granting an award of attorney fees pursuant to NRCP 68, a district court must consider the *Beattie* factors, which include (1) whether the plaintiff brought the claim in good faith, (2) "whether the defendant['s] offer of judgement was reasonable and in good faith in both its timing and amount," (3) "whether the plaintiff's decision to reject the offer . . . was grossly unreasonable or in bad faith," and (4) whether the attorney fees requested "are reasonable and justified in amount." 99 Nev. at 588-89, 668 P.2d at 274. No single factor is dispositive, *see Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 252 n.16, 955 P.2d 661, 673 n.16 (1998), and "[i]f the record clearly reflects that the district court properly considered the *Beattie* factors, we will defer to its discretion," *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428-29 (2001). But the failure to consider these factors may be an abuse of discretion. *Beattie*, 99 Nev. at 589, 668 P.2d at 274. The fourth factor is analyzed using the factors listed in *Brunzell v. Golden Gate National Bank*: "the qualities of the advocate," "the character of the work," "the work actually performed," and "the result" achieved. 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).

Here, the district court awarded attorney fees dating to July 3, 2019, based on the first of two offers of judgment that Modern made to settle the case. The district court made findings with respect to all four *Beattie* factors: (1) Golden Gate brought its claims in good faith, (2) Modern's offers of judgment were made in good faith and reasonable in amount and timing because they were each more than the value of the tank and were made at times that would have avoided the costs of deposition and trial, (3) Golden Gate's decision to reject the offers was not made in bad faith, and (4) the

requested amount of attorney fees was reasonable according to the *Brunzell* analysis. Finding that the factors were evenly split, the district court elected to award $164,246.20 in attorney fees to Modern. The district court supported these findings with evidence taken from the record and conclusions logically drawn from the procedural posture of the case, referencing the parties' failed attempts to settle out of court, the value of the tank, and Modern's multiple offers of judgment. We conclude this award is well within the discretion afforded to district courts when deciding whether to award attorney fees.

Golden Gate also argues that the timing of Modern's first offer was unreasonable because of its amended complaint and that it was error to award fees when the *Beattie* factors are evenly split. We find the first contention unconvincing given that "[a]n offer of judgment is an offer to settle the entire case, including claims both known and unknown and both certain and uncertain." *Clark v. Lubritz*, 113 Nev. 1089, 1100, 944 P.2d 861, 868 (1997) (quoting *Lutynski v. B.B. & J. Trucking, Inc.*, 628 A.2d 1, 5 (Conn. App. Ct. 1993)). The purpose of NRCP 68 is to encourage parties to settle lawsuits out of court. *See Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 382, 989 P.2d 882, 888 (1999). When, at the time of the offer, both parties were aware of both the pending addition of a new claim and all facts needed to support that claim, it would be contrary to NRCP 68's purpose to conclude that the offer was not meant to include the new claim. This is especially true here, where the new claim for breach of implied warranty arises out of substantially the same legal and factual basis as the older breach of explicit warranty claim. There was no previously unknown evidence, party, or theory of liability introduced after the offer, such that accepting the offer would have prematurely cut off Golden Gate from a

possibility of recovery on different meritorious grounds. To interpret the offer of judgment and NRCP 68 as Golden Gate requests would be an overly technical reading that would defeat the statutory goal of encouraging out-of-court settlements.

Likewise, we reject Golden Gate's contention that district courts abuse their discretion when they award attorney fees in cases where the *Beattie* factors are split. *See Nevins v. Martyn*, 140 Nev., Adv. Op. 66, 557 P.3d 965, 975-76 (2024) (affirming a district court's award of attorney fees where the *Beattie* factors were evenly split). The purpose of NRCP 68 is to incentivize settling cases by providing a penalty for parties who reject reasonable offers. *See Dillard*, 115 Nev. at 382, 989 P.2d at 888. Imposing a rigid requirement that a party prevail on a majority of the *Beattie* factors before they could be awarded attorney fees would unnecessarily raise the bar for issuing an award under NRCP 68, weakening the punitive incentive to accept reasonable settlements and undercutting the entire policy goal of the rule. Therefore, we conclude that the district court did not abuse its discretion in awarding attorney fees.

## CONCLUSION

We hold that discovery tolling does not apply to a breach of implied warranty claim under NRS 104.2725(2). Thus, we conclude that the district court properly determined that Golden Gate's breach of implied warranty claim under NRS 104.2725(2) was time-barred. Additionally, we conclude that the district court did not abuse its discretion when it applied the appropriate factors and found that an award of attorney fees was warranted. Therefore, we affirm the district court's order granting

summary judgment and post-judgment award of attorney fees in favor of Modern.

_____ , C.J.
Herndon

We concur:

_____ , J.
Bell

_____ , J.
Lee

SUPREME COURT
OF
NEVADA